Robert A. Barnes *et al. v.* Louis Gottschalk, Judge, etc., *et al.*

January 8, 1877.

1. In a *mandamus* proceeding to compel an officer to certify the result of an election, the appointment of commissioners to count the ballots to enable the court to determine whether the writ should issue, though it might be superfluous or possibly erroneous, is not a transgression of the limits of power committed to the Circuit Court; and, the subject-matter of the inquiry in such proceeding being within the jurisdiction of the Circuit Court, appellate courts will not stop such proceedings by writ of prohibition.

2. Where the allegations in an application for prohibition, if true, show that the proceedings which it is sought to prohibit are absolutely void, they furnish an unanswerable argument against the issuance of the writ.

3. An application for a writ of prohibition must show, unequivocally, every fact requisite to justify its issuance; and courts will not presume a fact which petitioners can only state conjecturally, and which depends upon contingencies.

4. A court cannot direct canvassing officers what result to ascertain or declare, nor can it, by any processes of its own, ascertain for them a result by which they will be bound to make their return.

Application for a writ of prohibition.

*Writ denied.*

[The same attorneys appeared and the same authorities were cited in this case as in the case of *Barnes* et al. v. *Gottschalk* et al., *ante*, p. 109.]

Lewis, P. J., delivered the opinion of the court.

This petition for a writ of prohibition is very nearly a reproduction of the one presented in this court by the same plaintiffs, against the same defendants, on November 20th last. The features wherein it differs from its predecessor are as follows: Allegations are here added, to the effect that (1) the petitioners have made application to the Circuit Court to be admitted as parties to the *mandamus* proceeding, but this was denied them; (2) the commissioners appointed by the Circuit Court to examine the ballots and returns of the scheme and charter election have made their report, showing certain results, but not declaring whether, in their opinion, the measures were carried or not; (3) the

official term of defendant, Chauncey F. Shultz, as presiding justice of the County Court, having expired, Charles Speck was at the last general election elected to the same office, and has been substituted, in place of Schultz, as a defendant in the *mandamus* case; (4) "the defendant Louis Gottschalk, judge as aforesaid, from the bench, and officially in said cause, has declared and announced that, if the respondents Overstolz and Speck will accept as true the report of said commissioners so by him appointed, they, said Overstolz and Speck, are not, and will not be, required to examine and count the ballots, but that thereupon he, said Gottschalk, as judge as aforesaid, will order and direct the peremptory *mandamus* to issue against them, requiring them, the said Overstolz and Speck, to file duplicate certificates of such adoption and ratification of said Scheme and Charter," etc.

The allegation that plaintiffs have unsuccessfully sought to be admitted as parties to the proceedings which we are now asked to arrest by prohibition completely satisfies the technical objection considered fatal to the former application. It shows that a necessary step was taken towards raising in the Circuit Court, before presenting them here, the jurisdictional questions made by the plaintiffs. That step failing, the way was fairly opened to a supervisory tribunal, without further effort made in the inferior court. But as to all other matters in the present petition, except those which we will here specially notice, they are but repetitions from the former application, and were sufficiently disposed of in the majority opinion delivered on that occasion.

The report of the commissioners, as set forth by the petitioners, adds nothing material to the case presented before. As intimated in the former opinion, the appointment of commissioners for the purposes indicated, though it might have been superfluous, or erroneous, possibly, was not a transgression of the limits of power committed to the Circuit Court. The subject-matter of the inquiry, viz., whether the

respondents should be commanded to perform the ministerial duty of examining the ballots, or the returns, or both, was unquestionably within the court's lawful jurisdiction. Such being the case, it seems impossible to assert that there could be any such thing as an abuse or usurpation of power in the mere fact of resorting to one of the methods provided by law for the ascertainment of any matter of fact, which the court may deem essential, by way of preliminary to further action. If, then, the appointment of commissioners was not, in any aspect, a proper subject for treatment by the writ of prohibition, the filing of their report, whatever it may have contained, could not render it so.

Plaintiffs urge that, defendant Speck having been elected presiding justice of the County Court since the Scheme and Charter went into effect, if they have ever done so, his election was void, and he is not the proper person to join in the duplicate certificates required by the Constitution. If they are right in this, it furnishes an unanswerable argument against the writ of prohibition which they demand. The certificate of Justice Speck, being inoperative and void, cannot possibly harm the plaintiffs, or any one else.

We fail to see the pertinency of plaintiffs' allegations concerning the oral declarations of Judge Gottschalk from the bench. Taken in their strongest possible light, those declarations are, in effect, nothing more than private or personal counselings to the respondents. " If the commissioners' report satisfies you of the result of the election, you are at liberty to act upon it without further examination." But it does not appear that the respondents have ever declared themselves to be so satisfied. Upon a mere conjecture that they may possibly do so, we are asked to stop all further proceedings in the cause. Were we to comply, our action might be cited as a precedent authorizing an arrest of progress in any trial, upon the assumed ground of improper instructions given to the jury. An option is here given the respondents to accept or refuse the report of the commission-

.ers. For aught that is shown, they may still refuse to be satisfied with anything short of a personal examination upon which to issue or withhold their certificate. The allegation that they are individually in favor of the adoption of the Scheme and Charter cannot be weighed against the presumption that sworn officers will perform their duty as they honestly understand it. An application for the extraordinary writ of prohibition must show unequivocally every fact requisite to justify its issuance. Here we are asked to presume a fact which the petitioners can only state conjecturally, and which cannot arise except upon a contingency which is at least equally uncertain.

A court can neither direct canvassing officers what result to ascertain or declare from their investigations, nor can it, by any processes of its own, ascertain for them a result by which they will be bound to make their return. That either of these things is in any manner contemplated by the Circuit Court is nowhere shown by the petition or exhibits before us. On the contrary, the whole spirit of the proceedings, thus far, show that the respondents are to certify such a result only as they themselves may find to be true. But suppose that, having satisfactorily ascertained, by lawful methods, the result of an election, the canvassing officers should still refuse to certify it, as required by law. Will it be pretended that, in such a case, *mandamus* would not be the proper means of compelling them to certify the result so ascertained? Assuredly not. We find here no certain indication of any purpose in the Circuit Court to do more than this, whatever contingencies may arise in the further progress of the cause.

We are by no means prepared to say that, if the respondents should declare themselves satisfied with the commissioners' report upon the actual condition of the ballots and returns, and should draw therefrom their own conclusions of the general result, this would be in derogation of the

views heretofore expressed in the majority opinion of this court. The respondents were parties to that proceeding, and presumably present in every stage of its progress. It is not for us to deny judicially the common legal presumption that every party to a cause has personal knowledge of the testimony and proceedings therein for every purpose immediately connected with its determination. But we refrain from any direct ruling on this point, since it is not shown that the respondents have in fact acted, or are about to act, otherwise than upon their own personal inspection of the ballots and returns.

All the judges concurring, the application for a writ of prohibition is refused.