JAMES J. DOYLE *et al. vs.* JOHN T. WADE, *et al.*

OCTOBER 27, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

VINCENT, J.   This is a petition for a writ of prohibition brought by James J. Doyle, Rodolphe Rocheleau, Romeo W. Bassette, James F. Varley, Joseph T. Curran and Bertha B. Smith, composing the School Committee of the city of Central Fálls, against John T. Wade, Thomas O. Allen and Edgar L. Jodoin, composing the Board of Canvassers of said city of Central Falls.

The petition sets forth that at a meeting of the city council of said city of Central Falls on the 6th day of October, 1924, the following resolution was passed:

"*Be it resolved by the city council of the City of Central Falls as follows:*

"Section 1.   The Board of Canvassers and Registration is hereby directed to issue its warrant for and also print upon the official ballot for the municipal election to be held on Tuesday, November 4th, 1924, the following questions, for the approval or rejection by the electors of the City of Central Falls, qualified to vote on a proposition to impose a tax or for the expenditure of money, viz.:

'Shall the city council of the city of Central Falls approve of the expenditure of $155,000.00, as proposed by the school committee, for the construction of one unit of a new high school building which shall not include a gymnasium nor provide for furnishing said building nor grading the land.'

'Shall the city council of the city of Central Falls approve of the expenditure of $200,000.00, as proposed by the school committee, for the construction of a new high school building which shall include a gymnasium but which does not provide for furnishing said gymnasium nor the building nor grading the land.'

'Shall the city council of the city of Central Falls approve of the expenditure of $112,000.00, as provided by the joint standing (committee) on education, for the alteration and remodelling of the present high school building so as to provide twenty-seven rooms, including a gymnasium and assembly hall and leaving the new high school site available for grammar school facilities.'

Section 2. This resolution shall take effect upon its passage."

The petition further sets forth that it is not within the power, jurisdiction or right of said city council to so direct the board of canvassers; that the board of canvassers have, however, declared that they intend to comply with such direction by printing on the official ballot, to be used at the city election of the city of Central Falls to be held on November 4, 1924, the questions indicated in said resolution.

The petitioners also aver that such printing on the official ballot is not within the right, power or jurisdiction of either the city council or the board of canvassers and they ask that said board be ordered to disregard the direction of the city council and to make up the official ballot without printing thereon the said questions or any other matter relating thereto.

By the charter of the city of Central Falls, the city council is empowered to "levy and collect taxes for all purposes . . . and to appropriate and expend the same as they

may be authorized by law . . . provided, however, that the expenditure of the money appropriated for public schools, except for the maintenance, improvement and keeping in repair of the school property, shall be by and under the direction of the school committee of said city."

The charter clearly defines the respective powers of the city council and the school committee in so far as they relate to the public schools.

The purpose of the writ of prohibition is, as stated in 22 R. C. L. 4, "to prevent an inferior court, or other tribunal, from assuming a jurisdiction with which it is not legally vested, in cases where wrong, damage and injustice are likely to follow from such action."

We do not find anything in the charter of the city of Central Falls conferring any power or authority upon the city council to direct the board of canvassers to print upon the official ballot the several questions contained in the resolution, nor do we find anything in the law which would warrant the board of canvassers in following the directions embodied therein.

In order to justify the issuance of the writ it is necessary to find that the placing of these questions on the ballots, and the answers thereto, whatever they might be, would result in some wrong, damage or injustice to the petitioners by taking away or curbing some power or powers, conferred upon them by the charter, which they might otherwise exercise.

There is good authority to the effect that where prohibition would be ineffectual, or would be void and could not affect the rights of the party applying therefor, the writ should not be granted. *Barnes* v. *Gottschalk*, 3 Mo. App. 222; *Fleming* v. *Guthrie*, 32 West Va. 1; 22 R. C. L. 8.

Assuming that the questions indicated will be placed upon the ballots, and the answers of the voters appended thereto, at the coming election, we fail to see how such action could in any way affect the school committee in the exercise of any of the powers conferred upon it.

This being so we think the writ must be denied.

Writ is denied.

*Francis B. Condon, Green, Curran & Hart,* for petitioners.

*Lawrence F. Nolan, City Solicitor of Central Falls,* for respondents.