FRANK HITCH LUMBER COMPANY v. WALTER R. BROWN.

(Filed 11 September, 1912.)

1. **Deeds and Conveyances—Standing Timber—Period for Cutting and Removing—Reverter.**

   The timber on lands conveyed, and not cut and removed within the period for those purposes specified in the deed, belongs to the grantor therein.

2. **Deeds and Conveyances—Timber—Period for Cutting and Removing—Severed Timber—Personalty—Parol Contract.**

   The timber on lands which had been cut but not removed from the land by a grantee in a deed for the timber thereon in the period allowed for its cutting and removal, is personal property, not requiring a written instrument, under the statute of frauds, to convey it; and a sale thereof by parol is sufficient to pass the title.

3. **Same—Statute of Frauds—Parol Evidence—Questions for Jury.**

   There was evidence in this case tending to show that the owner of lands, having conveyed the standing timber thereon, after the expiration of the period of time for its cutting and removal, sold and conveyed the land by deed, and at the same time said to the grantee that he had sold him the land "and everything there is on it"; that the grantee mentioned severed logs, etc., that were on the land, which the grantor said was included in the transaction: *Held*, it was not necessary that the deed to the lands specify the cut timber, and the parol evidence of the sale of the logs was sufficient to be submitted to the jury upon the question as to whether the logs were included in the sale.

APPEAL by defendant from *Cline, J.*, at April Term, 1912, of BERTIE.

This is an action, with claim and delivery, to recover the possession of certain saw-logs.

In January, 1903, James Morris sold the poplar, pine, and gum timber on his tract of land in Bertie County to Brown & Bundy, who assigned the contract to the plaintiff. The timber was to be cut and removed from the land within eight years from 1 January, 1903. Brown & Bundy "cut a lot of saw-logs" and left them on the land after the time for cutting and removing them had expired. The Morris land was sold and conveyed to T. J. White, who sold and conveyed it to the defendant, W. R. Brown.

In his own behalf, the defendant testified:

"When I bought the land I asked Mr. White about the timber. He said 'the time was out on it, and it all now belongs to me. I sell you the land and everything there is on it. I can show you the timber deed and satisfy you about it.' When I bought the land from White, I bought the logs that were on the land. When I bought the land I got a deed for it. I asked him about the timber. I told him I wanted a straight deed for everything there—to be no strings to it. I told Mr. White about the timber logs and stuff, and he said he sold me his entire holdings."

After Brown bought the land and, as he alleges, the saw-logs, White sold the logs and conveyed them to plaintiff on 10 May, 1911, and immediately brought this action to recover the logs. In the pleadings the plaintiff describes the property as "a certain lot of gum, poplar, and cypress saw-logs on the James Morris land, in the possession of defendant."

The defendant requested the court to charge the jury that if White sold the logs to Brown at the time he sold the land to him, they would answer the first issue "No," as the plaintiff would not be the owner of the logs. The court stated, in response to this prayer; that there was no evidence of a sale of the logs to defendant. Verdict and judgment for the plaintiff, and defendant excepted and appealed.

*Winborne & Winborne for plaintiff.*
*Winston & Matthews for defendant.*

WALKER, J., after stating the case: There was error in the refusal to give the prayer for instructions. The defendant testified that he had bought the logs from White. This was the statement of a fact, and not a conclusion of law as to the construction of the timber deed. It may be that he referred to the timber deed as conveying the logs, but it does not so appear. The jury might well have inferred that White had sold him the logs independently. Besides, White said to him: "The time is now out, and it all belongs to me. I sell you the land and everything there is on it." "I told Mr. White about the logs and stuff, and he said he sold me his entire holdings." This surely

was some evidence of a sale of the logs. They were personal property, the trees having been severed from the land and converted into saw-logs. A parol conveyance was sufficient to pass the title. *Wall v. Williams*, 91 N. C., 477. If White sold the logs to defendant, it can make no difference that it was done by parol and was not inserted in the deed, it not being necessary that the sale of the logs should be in writing. *Nissen v. Mining Co.*, 104 N. C., 309.

The timber cut and not removed after the time fixed by the contract had expired belonged to White, who had the right to sell it to the defendant. This is settled by numerous cases. *Hornthal v. Howcott*, 154 N. C., 228; *Bateman v. Lumber Co.*, 154 N. C., 248; *Bunch v. Lumber Co.*, 134 N. C., 116; *Corey v. Lumber Co.*, 140 N. C., 462; *Hawkins v. Lumber Co.*, 139 N. C., 160; *Strasson v. Montgomery*, 32 Wis., 52. The evidence of a sale to defendant, which was disregarded by the learned judge, if again offered, must be submitted to another jury, with proper instructions as to its legal effect.

New trial.