BOND v. UNGERECHT et al.*

(*Jackson.* April Term, 1914.)

1. **LOGS AND LOGGING.** Deed of standing timber. Defeasance. Tme for removal.

A deed of standing timber, with provision that the grantee is to be allowed five years, but no longer, to cut and remove it, passes a title to the timber, subject to defeasance as to such of it as is not removed within the time specified; the grantee's title terminating as to timber not then removed. (*Post, pp.* 633-636.)

Cases cited and approved: Carson v. Lumber Co., 108 Tenn., 681; Box Co. v. Moore, 114 Tenn., 596; Zimmerman Mfg. Co. v. Daffin, 149 Ala., 380; U. S. Coal & Oil Co. v. Harrison, 71 W. Va., 217; Pierce v. Finerty, 76 N. H., 38.

Case cited and distinguished: Carson v. Lumber Co., 108 Tenn., 681.

2. **LOGS AND LOGGING.** Deed of standing timber. "Removal."

Within a deed of standing timber, allowing five years to cut and remove it, cutting and sawing into saw logs does not constitute a removal. (*Post, p.* 636.)

Cases cited and approved: Box Co. v. Moore, 114 Tenn., 596; Anderson v. Miami Lumber Co., 59 Or., 149; Rowan v. Carleton, 100 Miss., 177; Hitch Lumber Co. v. Brown, 160 N. C., 281.

---

FROM HAYWOOD.

---

Appeal from the Chancery Court of Haywood County to the Court of Civil Appeals and by *certiorari* from the Court of Civil Appeals to the Supreme Court.— C. P. McKINNEY, Judge.

*On the general question of conveyance of title to standing timber without title to land, see notes in 55 L. R. A., 513 and 47 L. R. A. (N. S.), 870.

H. J. LIVINGSTON and MOORE & SON, for plaintiff.

SIMONTON & GWINN, for defendants.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

The bill of complaint was filed to recover of defendants a number of saw logs which it is alleged were wrongfully cut on the lands of complainant, Bond.

It is alleged that complainant had conveyed standing timber to the Hatchie Manufacturing Company by deed, dated November 3, 1905, which contained, among others, the following provisions pertinent to this inquiry:

"I Sallie Bond, for the consideration of $5,500, cash, have sold and do hereby transfer and convey unto said Hatchie Manufacturing Company, all of the timber of every kind and description [on tract of land, described].

"To have and to hold all of said timber, unto said Hatchie Manufacturing Company, and its assigns forever. [Here are inserted covenants of seisin, unincumbrance and general warranty.]

"It is expressly understood and agreed by the parties hereto, that said Hatchie Manufacturing Company, and its assigns, are to be allowed five (5) years, but not longer, from this date, to cut and remove from said land the timber hereinbefore sold and conveyed."

The grantee corporation, shortly after this purchase, itself conveyed the standing timber so that its

rights therein were owned by the defendants, Ungerecht and others, long prior to the expiration of the time limit of five years.

The chancellor and the court of civil appeals decreed in favor of complainant, and defendants are before us on petition for writ of *certiorari.*

The primary contention of defendants is that by the deed the grantee took an absolute and indefeasible title to the timber, so that regardless of the time limit the trees were subject to be cut and removed at will on payment of damages done to the lands of complainant on which the timber or logs were, in any effort to remove the same.

They correctly contend that in no reported case has this court passed on the rights of a grantee under such a deed of conveyance. While this is true, the attitude of the court on the question was foreshadowed in two cases and indicated to be against defendants' insistence. *Carson* v. *Lumber Co.,* 108 Tenn. (24 Pickle), 681, 69 S. W., 320; *Box Co.* v. *Moore,* 114 Tenn. (6 Cates), 596, 87 S. W., 415, 4 Ann. Cas., 1047.

In *Carson* v. *Lumber Co.,* supra, the nature of the title passing in standing timber under such a conveyance was discussed; but in the contract of sale there involved no time limit had been named for cutting and removing the timber, and the court held that the grantee had by implication a reasonable time for that purpose, and that a reasonable period of time had not expired, with result that the questions here raised were expressly left open.

In *Box Company* v. *Moore,* supra, there was a similar discussion, but the contract was expressly held to be one granting permission or license and not one of conveyance.

The authorities cited and reviewed in those cases need not be recanvassed in this opinion. A large number of decisions on the subject in other jurisdictions have been reported since the dates of those decisions, and, while the lack of harmony in the cases has not passed, the decided trend of the recent authorities is towards the view signfied in our two cases referred to, and now by us held to be applicable to the deed in contest.

A typical and leading case relied upon by the defendants is that of *C. W. Zimmerman Mfg. Co.* v. *Daffin,* 149 Ala., 380, 42 South., 858, 9 L. R. A. (N. S.), 663, 123 Am. St. Rep., 58, in which the deed was almost identical with the one we have under review. It was there held that the deed vested a title in the trees in the grantee, not forfeited by a failure to remove the timber within the time limited; that the provision allowing a period of years within which to cut and remove the timber conveyed is to be treated as a covenant to cut and remove on the part of the grantee, who could still enter and remove the timber at his pleasure, being liable to the grantor for such damages to the freehold as he should cause in so doing; and that the grantor would also have a right of action against the grantee for a breach of the covenant in not removing as agreed. Other recent cases in accord with that

view are collected by the annotator in notes to *U. S. Coal & Oil Co.* v. *Harrison,* 71 W. Va., 217, 76 S. E., 346, in 47 L. R. A. (N. S.), 871, along with the cases *contra.*

In our view, in this Alabama case and other cases cited by the defendants, the contract is construed technically and in a way to lead to results in declared rights that are inequitable and in remedies that are inadequate. The soundness of a construction that gives rise to so many and such remedies on breach of the contract may well be doubted. Some of the courts holding to the doctrine of indefeasible title declare that, although the grantee does not lose his title by failure to remove the timber from the land within the period limited, the court cannot give him authority to enter to remove after expiration of the period. In this view there would be an existing title barren of right to be enforced legally, to be enjoyed only by way of a trespass. *Pierce* v.`Finerty,* 76 N. H., 38, 76 Atl., 194, 79 Atl., 23, 29 L. R. A. (N. S.), 547.

The better`conception of the rights of the parties appears to us to be that such a deed passes a title to the timber which is subject to defeasance as to such of the timber as is not removed within the time fixed for removal; that the title of the grantee terminates, except as to timber removed, with the termination of the grantee's right of entry. As was well said by Mr. Justice Beard in *Carson* v. *Lumber Co.,* supra, under the other rule:

"The standing timber may interfere with the use of the soil by its owner, practically oust him from its control and enjoyment, without" a contract in terms "for such extensive rights. The lumber company, claiming under the original grantees, purchased timber and the right to cut and remove it, and not land, and yet upon its contention  . . .  it has the right to use the soil for sustenance of standing trees, and the land as a depositary for the cut, and their removal, forever, if it pleases."

An element that may enter into consideration as inuring to the benefit of the grantor is the clearing of the land for tillage in the contracted removal of timber, and this advantage would be lost to the landowner under the doctrine we discard, if it should please the grantee to leave the timber standing beyond the time limit.

The stipulation allowing five years, but not longer, to cut and remove the timber from the land, was not complied with by a mere cutting. A severance from the soil is not a removal from the premises, and such as has been cut beyond the point of such severance into the form of saw logs is lost to the grantee if not removed from the land within the allowed period. *Box Company* v. *Moore*, supra.; *Anderson* v. *Miami Lumber Co.*, 59 Or., 149, 116 Pac., 1056; *Rowan* v. *Carleton*, 100 Miss., 177, 56 South., 329; *Hitch Lumber Co.* v. *Brown*, 160 N. C., 281, 75 S. E., 714.

Other questions raised by the assignments of error have been considered, but discussion of same in this opinion is waived. Writ denied.