SOUTHERN COMMISSION COMPANY, Appellant, v. WIER, Respondent.

(148 N. W. 597.)

1. **Pleading—Answer—Amendment—Want of Interest, Mutual Mistake—Judicial Discretion.**

In a suit to recover purchase price for plaintiff's alleged interest in land, defendant's answer alleging that plaintiff had no interest in the land, and knew it had none at time of contract, but was merely attempting to extort the money from defendant, **held,** that an order, made at close of trial and pending defendant's motion for directed verdict, granting defendant leave to amend his answer so as to allege a mutual mistake of the parties in the transaction leading up to the contract, was a proper exercise of discretion.

2. **Vendor and Purchaser—Interest in Realty—Contract—Mutual Mistake—Directing Verdict.**

Where plaintiff, claiming an interest in land, agreed to quit-claim same to defendant for $100, and defendant accepted the offer, under a mistaken belief that plaintiff had some interest in the land, but, learning the contrary, refused to perform, the court, in absence of evidence that plaintiff knew it had no interest in the land, properly assumed that the mistake was mutual, and hence the verdict, directed for defendant, should stand.

(Opinion filed September 8, 1914.)

Appeal from Circuit Court, Turner County. Hon. ROBERT, B. TRIPP, Judge.

Action by the Southern Commission Company against John H. Wier, to recover for an alleged interest in land. From a judgment for defendant upon a directed verdict, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Harry Kunkle,* and *Bogue & Bogue,* for Appellant.

*L. L. Fleeger,* for Respondent.

(1) Under point one of the opinion, appellant cited: Code Civ. Proc., Sec. 150; Murphy v. Plankinton Bank, (S. D.) et al., 100 N. W. 614; Weatherer v. Herron, (S. D.) 132 N. W. 232; Ward v. Yorba, 45 Pac. 80 (Cal.).

Respondent cited: Wolfinger v. Thomas (S. D.) 115 N. W. 100; Code Civ. Proc., Sec. 150.

(2) Under point two of the opinion, appellant cited: Grant Marble Co. v. Abbott, 124 N. W. 265 (Wis.); C. H. Young & Co. v. Springer, 129 N. W. 773 (Minn.); Totum et al. v. Coast Lumber Co., 101 Pac. 957 (Idaho.); Kowalke v. Milwaukee Elec. R. R. & Light Co., 79 N. W. 762 (Wis.)

Respondent cited: Civ. Code, Secs. 1189, 1194, 1196, 1205, 1206, 1219, 1283; 9 Cyc. 399; Iowa Loan and Trust Co. v. Schnose et al. (S. D.) 103 N. W. 22; Civ. Code, Secs. 1189, 1194, 1196, 1205; Bedell v. Wilder, 65 Vt., 406, 26 Atl. 589, 36 Am. St. Rep. 871; Domat's Civil Law, part 1, book 1, tit. 18, Sec. 1, Art. 7.

GATES, J. One Coates, a resident of Wisconsin, held a mortgage upon the land in controversy, viz., a quarter section in Turner county. He died leaving a will which was probated in Wisconsin. The foreign will was admitted to probate in Yankton county, and the widow was appointed as administratrix with the will annexed. The mortgage was foreclosed and sheriff's deed issued to the widow as such administratrix. The widow and all of the heirs and devisees, except a son, Willie M. Coates, conveyed the Turner county land to defendant's grantor in 1899. The will provided that said son Willie was to receive $50, "which is all that he is to have out of my estate." The final distribution of the estate in South Dakota was made after the above conveyance to the defendant's grantor, and the land in question was not included in such final decree; but certain other real estate was therein described, and the undivided two-fifteenths of such described real estate was

distributed to Willie, notwithstanding the provision of the will. In December, 1901, Willie quitclaimed the property in question to the plaintiff company of which one W. A. Houts was president. Houts then made it known to defendant that he claimed an interest in said land. In 1911 negotiations by letter were had between defendant and plaintiff through one of the plaintiff's attorneys which resulted in an offer on the part of defendant to pay plaintiff $100 for a quitclaim deed of the premises and the acceptance of the offer by plaintiff. In making this offer defendant believed his title to be defective and that plaintiff had some interest in the land. Upon being notified of plaintiff's acceptance of the offer, defendant refused to comply with its terms and repudiated the same, claiming that plaintiff's acceptance came too late and that his attorneys had in the meantime fixed the matter up in court.

This action was begun to recover from the defendant the said sum of $100. The answer in substance alleged that plaintiff had no interest in the land and knew it had none and was attempting to extort money from defendant. During the trial the answer was amended much along the same line. At the conclusion of the trial, plaintiff moved for a directed verdict. Thereupon defendant asked leave to amend his answer so as to allege a mutual mistake of the parties in the transaction. The learned trial court granted such leave and then denied plaintiff's motion. Thereupon the defendant moved for a directed verdict, which was granted. Judgment was entered in favor of defendant. A motion for a new trial was denied. Plaintiff has appealed from the order denying a new trial and from the judgment.

[1] Appellant contends: First, that it was prejudicial error to allow defendant to amend his answer at the close of the trial; and, second, that the court should have directed the verdict for it instead of for defendant, because the defendant did not show such a mutual mistake of the parties as to relieve him from performing his contract.

We are of the opinion that the granting of leave to amend was a proper exercise of the discretion of the trial court. This matter has been discussed so thoroughly in Wolfinger v. Thomas, 22 S. D. 57, 115 N. W. 100, 132 Am. St. Rep. 900, that we merely refer thereto for our reasons. Plaintiff claims that it was prejudiced by such amendment. We fail to see it. Plaintiff claims that

it relied upon the allegations or admissions of the answer to the effect that plaintiff knew it had no interest in the land, and the following is stated in plaintiff's brief:

"If these admissions had not been made, the plaintiff could easily have proved on the trial of this action that plaintiff did not have and never claimed to have any title to the defendant's land whatever."

This argument proves too much. If plaintiff had made such proof defendant would have been entitled to recover under his answer as it stood before the last amendment. The amendment did not require or call for any other or further proof on the part of plaintiff. Plaintiff was not prejudiced by the granting of the amendment.

[2] We are also of the opinion that, prior to and at the time defendant made the offer, he had the mistaken belief that plaintiff had something to sell. In the absence of evidence to the effect that plaintiff knew that it had no interest in the land, it would be uncharitable to assume that it knew it had nothing to sell. The parties were mistaken, and the learned trial court rightly assumed that the mistake was mutual. 9 Cyc. 399; Civ. Code, § 1206.

The judgment and order appealed from are affirmed.