W. P. HANNA, Appellant, v. J. H. BUFORD, Respondent.

St. Louis Court of Appeals.    Argued and Submitted May 7, 1915.
Opinion Filed June 8, 1915.

1. CONVEYANCES: Contradicting Recitals: Parol Evidence. In an action for the value of timber cut and removed by defendant from plaintiff's land, evidence by defendant, that he understood that a quitclaim deed, by which plaintiff quitclaimed the standing timber to him, with the privilege of entry and removal

for six years, gave him six years to remove the timber, not from the date of the deed, "but when he got ready," was incompetent.

2. ————: Quitclaim Deed to Timber: Construction: Time for Removal of Timber. A deed quitclaiming the standing timber on the land described, with the privilege of entry and removal for six years, passed title to the timber, defeasible as to such of it as was not removed by the grantee within that time, without any reasonable time beyond that time; so that, where the grantee entered and removed timber after such period, he was liable to the seller for its value, and the defense that he entered within a "reasonable time" after the expiration of the six-year period was unavailing.

Appeal from Reynolds Circuit Court.—*Hon. E. M. Dearing*, Judge.

REVERSED AND REMANDED.

*J. H. Keith* for appellant.

(1) The court committed error in allowing defendant, J. H. Buford, to testify that he thought he had six years to cut and remove the timber from appellant's land beginning at any time he desired. 21 Am. & Eng. Ency. of Law (2 Ed.), 1078 and 1113. (2) There can be no question but that the meaning of the removal clause in the deed of conveyance means that the timber must be removed within six years, and that from the date of the conveyance. To construe it otherwise would be against the great weight of authority in this country. 28 Am. & Eng. Ency. of Law (2 Ed.), 541; McRae v. Stillwell, 111 Ga. 71; Saltonstall v. Little, 90 Pa. St. 422; Bunch v. Lumber Co., 134 N. C. 116; Haskell v. Ayers, 32 Mich. 93; Wasey v. Mahoney, 55 Mich. 194; Pease v. Gibson, 6 Me. 81; Williams v. Flood, 63 Mich. 487; McCumber v. Railroad, 108 Mich. 471; Fletcher v. Livingston, 153 Mass. 388; McIntyre v. Barnard, 1 Sandf. Ch. (N. Y.) 52, following Pease v. G. ron, 6 Me. 81; White v. Foster, 102 Mass. 375; Moning v. Ward, 50 N. C. 273; Hubbard v. Barton, 75 Mo. 65; Hounshell v. Miller (Ky.), 155 S.

W. 1148; Houston Oil Co. of Texas v. Hamilton, 153 S. W. (Tex.) 1194; Golden v. Glock, 57 Wis. 118; Judivine v. Goodrich, 35 Vt. 19; Garden City etc., Co. v. Sims, 84 Ark. 603; and Co. v. Adams, 54 Fla. 550; St. Louis Cypress Co. v. Thibodaux, 120 La. 834; Hawkins. v. Lumber Co., 139 N. C. 162.

*Carter M. Buford, Arthur T. Brewster* and *J. B. Daniel* for respondent.

(1) If a deed admits of more than one construction it must be most strongly construed against the grantor. Healy v. Everitt & Cherry V. T. Co., 139 Pac. 609; Bray v. Conrad, 101 Mo. 331; Bernero v. McFarland, 134 Mo. App. 290; Devlin on Real Estate (3 Ed.), sec. 843a. (2) If it be doubted whether a clause in a deed be a covenant or a condition, the courts will incline against the latter construction. 4 Kant's Com. 132; Palmer's Ex'r v. Ryan, 63 Vt. 227; De Goosh v. Bladwin & Russ, 82 A. 182 (N. H.); 2 Devlin on Deeds (3 Ed.), sec. 970; Zimmerman v. Daffin, 42 So. 861; Elyton Land Co. v. Railroad, 100 Ala. 396; Rawson v. Inhabitance, Etc. (Mass.), 7 Allen 125; Hoyt v. Kimball, 49 N. H. 322; Thornton v. Trammell, 39 Ga. 202; Devlin on Real Estate (3 Ed.), sec. 970; Stilwell v. Railroad, 39 Mo. App. 221; Studdard v. Wells, 120 Mo. 25; Gratz v. Railroad 165 Mo. 221; Reynolds v. Reynolds, 234 Mo. 144; Hayden v. Railroad 222 Mo. 126. (3) The law abhors a forfeiture. If the language of an instrument is susceptible of two constructions, one of which will work a forfeiture, while the other will not, courts will adopt that construction which will not work a forfeiture. Haydon v. Railroad, 222 Mo. 126; Reynolds v. Reynolds, 234 Mo. 144. (4) In construing a written instrument each and every part should be given effect if it can be done by fair intendment. Gilbert v. Waccamaw, 167 N. C. 786; Gaw v. Allen, 112 Mo. App. 711; Devlin on real Estate (3 Ed.), secs. 843a. 844a; McCul-

lock v. Holmes, 111 Mo. 445; Chew v. Kellar, 171 Mo.
215. (5) The deed under consideration passed an ab-
solute title to the timber. Morgan v. Pott, 124 Mo. App.
371; De Goosh v. Baldwin & Russ (Vt.), 82 Atl. 182;
Land Co. v. Watson, 129 Mo. App. 554; Huron Land
Co. v. Davison, 131 Mich. 86; 28 Am. & Eng. Ency. of
Law (2 Ed.), 541; Keystone Co. v. Brooks, 65 W. Va.
512; Halstead v. Jessup, 150 Ind. 87; Pierce v. Finerty,
76 N. H. 38; Hoit v. Stratton Mills, 54 N. H. 112; Irons
v. Webb, 41 N. J. L. 203; Peterson v Gibbs, 147 Cal.
6; Walker v. Johnson, 116 Ill. App. 147; Zimmerman v.
Daffin, 149 Ala. 380; Green v. Bennett, 23 Mich. 470;
Plumer v. Prescott, 43 N. H. 277; Dyer v. Hartshorn,
73 N. H. 509; Magnetic Ore Co. v. Marbury, 104 Ala.
465; Cawthon v. Stearns-Culver Lbr. Co., 60 Fla. 313;
Mee v. Benedict, 98 Mich. 260; Wright v. Bentley Lbr.
Co. (Ala. 1914), 65 So. 353; Vizard v. Robinson, 181
Ala. 349; Mt. Vernon Lbr. Co. v. Shepard, 180 Ala.
148; Goodson v. Stewart, 46 So. 239. (6) The words,
"With the privilege of entering upon said land with
men, wagons and teams for the purpose of cutting and
removing said timber therefrom for a period of six
years," grant a mere license to enter upon the land for
a period of six years. They cannot be construed to be
a stipulation, covenant or agreement to remove the
timber within said time. Neither are they words of
condition, forfeiture or reversion. Authorities, supra,
point 5. (7) The court did not err in modifying the
instruction offered by appellant, for the reason that the
respondent was entitled to a reasonable time after the
lapse of his license, also after notice, in which to enter
and remove his timber. Green v. Bennett, 23 Mich. 470;
Huron Land Co. v. Davison, 131 Mich. 86; Hoit v. Strat-
ton Mills, 54 N. H. 109. (8) What is "a reasonable
time" is always a question of fact for the jury, which
fact they passed upon in this case and appellant is
foreclosed thereby. (9) The burden of proof rested

191M.A.42

upon appellant to show that the timber was not removed within a reasonable time. Huron Land Co. v. Davison, 131 Mich. 86. (10) Even if the court did err in modifying the instruction, the error was harmless. The timber belonged to the respondent and he is not sued for any other damage than the value thereof..

REYNOLDS, P. J.—This is an action which at common law would be called an action *de bonis asport-atis*. By deed dated January 15, 1902, wherein plaintiff Hanna, a single man, is named as party of the first part, and the defendant Buford, as party of the second part, it is recited that ''in consideration of the sum of $190, to him paid by the said party of the second part, the receipt of which is hereby acknowledged,'' the party of the first part does, ''by these presents remise, release and forever quitclaim unto the said party of the second part, the timber on the following described lots (describing the land as in Reynolds county) with the privilege of entering upon said land with men, wagons and teams for the purpose of cutting and removing said timber therefrom for a period of six years. To have and to hold the same, with all the rights, immunities, privileges and appurtenances thereto belonging, unto the said party of the second part and his heirs and assigns forever; so that neither the said party of the first part, nor his heirs, nor any other person or persons for him or in his name or behalf, shall or will hereafter claim or demand any right or title to the aforesaid timber, or any part thereof, but they and every of them shall by these presents be excluded and forever barred.''

This deed is the ordinary form of quitclaim deed in use in our State for the conveyance of land.

The defendant never entered upon the land nor cut any timber therefrom until the year 1912, that is, ten years after the execution of this deed and four years after the expiration of the six years limit in it, when in 1912 he entered upon the land and cut and removed

all the merchantable standing timber from it. Where-upon plaintiff brought this action for the value of the timber.

At a trial before the court and a jury there was a verdict and judgment for defendant, from which plaintiff has duly appealed.

The plaintiff asked the court to give an instruction to the effect that if they believed and found from the evidence that defendant, by himself or agents, and without the lawful authority of plaintiff, entered upon the land described during the year 1912, and then and there cut down timber standing and growing thereon and converted the same to his own use, the jury should find for plaintiff in such sum as they may believe and find from the evidence that the timber so taken is worth, not to exceed the sum of $1440, the instruction proceeding "and the jury are further instructed that if you belive and find from the evidence in this case that the defendant purchased said timber from the plaintiff and removed the same within the time specified in the agreement with plaintiff, then and in that event you will find the issues for the defendant."

The court refused to give this instruction as asked but over the objection and exception of plaintiff inserted in the second clause of it the words "or within a reasonable time thereafter," so that that clause read "and removed the same within the time specified in the agreement with the plaintiff, *or within a reasonable time thereafter,* then and in that event you will find the issues for the defendant."

During the course of the trial defendant having been placed on the stand as a witness by plaintiff was asked on cross-examination by his counsel if he had cut any timber on the land before 1912. He answered that he had not. He was then asked to state to the court why he did not cut it sooner. This was objected to and, the objection being overruled, the witness answered that he had cut the timber when he had "got around in shape

to cut it.'' He was also asked and permitted to answer
what his understanding was of the deed at the time he
paid the money and received it as to when the timber
was to be removed, and he answered that his under-
standing was that he had six years to remove the tim-
ber, not from the date of that instrument, but when he
got ready; that he though he had six years to cut and
remove the timber. That question was also objected
to and the objection overruled. Very clearly this was
incompetent testimony and should not have been ad-
mitted and its admission would call for reversal.

Over and above that, however, and the real ques-
tion in the case is as to the alteration made by the
court in the instruction asked by plaintiff, by the court
inserting the words ''or within a reasonable time there-
after.''

There is some diversity of opinion among the
courts of the several States as to the effect of a deed
of the kind before us. We have no Missouri decision
directly in point. The one nearest to it is that of Hub-
bard v. Burton, 75 Mo. 65, an action in replevin. In
that case the contract between the parties was evi-
lenced by a memorandum in writing, under which the
party of the first part agreed with the party of the sec-
ond part that the party of the second part ''may enter
upon her land, being ninety acres of the farm of Gabriel
Alexander, deceased, . . . and cut all of the white-
oak, burr-oak, spanish-oak, elm and walnut that is upon
said land, and remove said timber, within twelve
months from this date,'' it being recited that the party
of the second part had agreed to pay so much cash in
hand and stipulated amounts at times following. The
assignee of the vendee in the deed was plaintiff and the
assignee of the vendor defendant, the latter refusing
to allow the former to enter after expiration of the
time named and remove timber cut within that time
but not removed, whereupon the former brought
replevin for the timber which had been cut but not re-

moved. Referring to the contract, Judge HENRY, who delivered the opinion of our Supreme Court, says (l. c. 67):

"The only question which it is necessary to determine relates to the proper construction of the contract between Miss Alexander and Jeffries (the vendee). 'All of the timber not removed from said land within twelve months, whether cut or standing, is to be the property of the said Mary J. Alexander.' We have no doubt that any trees standing, or felled, and lying in their natural state upon the land, after the expiration of twelve months from the date of the contract. would belong to the vendor."

While this case is not exactly in point, we think its principle is here applicable. Looking at authorities elsewhere particularly to decisions by the courts of what we know to be the great timber States, we find that this decision of our Supreme Court is in line with the vast majority of them. So the prevailing rule is stated by the compiler of 47 Law Reports Ann. (N. S.), p. 883, annotating the case of Wimbrow v. Morris, 118 Md. 91, 84 Atl. 238, in which the contrary doctrine is held, that learned court holding that where a sale of timber is as a sale of chattels, the mere failure to remove from the land, within the time specified for ingress and egress, of logs which have been cut under a reservation of title, in a sale of the real estate, will not forfeit the title to the logs. The annotater, while giving this Maryland decision, says, in his notes to it:

"The general rule is that the sale of the timber on a certain tract of land to be removed within a given length of time is a sale of only so much timber as is cut and removed within that time; and in case of timber reserved in the grant of the land the grantor is entitled to take only so much timber as he may cut and remove within the time specified. It is to be observed that in some of these cases, the view is taken that the

title did not pass, while the majority take the view that although the title passed, it was subject to defeasance by failure to remove the timber within the time specified. This rule has been held, either expressly or by implication, in a large number of cases.''

Here follows citation of cases by the United States Circuit Court for the Northern District of Florida (following the Florida Supreme Court), and by the courts of Georgia, Iowa, Kentucky, Louisiana, Maine, Massachusetts, Michigan, Mississippi, New York, North Carolina, Ohio, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Washington, West Virginia and Wisconsin. As opposed to these are decisions in the courts of Alabama, Maryland, New Hampshire and possibly one or two others.

The Canadian decisions are in line with the majority of those of our American courts. Thus in the Common Pleas Division of the High Court of Justice for Ontario, in the case of Steinhoff v. McRae, 13 Ont. 546, it is held that the effect of the condition in the contract that the timber was to be removed within two years was to limit the right of removal to that time: that the right to the trees or timber that was so given to the vendee by the agreement ''was only to have the right to cut and remove the timber within the two years from the date of the agreement.'' This case was decided on the authority of Johnston v. Shortreed (Q. B. Div.), 12 Ont. 633. There the agreement of sale and purchase of merchantable pine on certain described property contained a clause which read, ''provided, however, that the said timber and logs shall be cut and removed off said lot on or before the 4th day of April, 1884.'' The court of Queen's Bench for Ontario held that this agreement could not be considered as an absolute grant of the pine trees suitable for the business of the grantee subject to a covenant by them to cut and remove the trees within ten days but that it was a grant of the pine subject to the condition that

the timber and logs should be cut and removed off the property on or before the day named.

A very recent case (Bond v. Ungerecht, 129 Tenn. 631, 167 S. W. 1116) presents the principle upon which the majority of the courts proceed so clearly, that we venture to copy what Mr. Justice WILLIAMS has there said as meeting our own views. It was an action to recover of defendant a number of logs which it was alleged were wrongfully cut on the land of the complainant. The complainant had conveyed standing timber to defendants' assignor, by deed dated November 3, 1905. The deed recited that complainant, in consideration of $5000 cash,—

" 'Have sold and do hereby transfer and convey unto said Hatchie Manufacturing Company (assignor of defendants) all of the timber of every kind and description (on tract of land, described).

" 'To have and to hold all of said timber, unto said Hatchie Manufacturing Company, and its assigns forever. (Here are inserted covenants of seisin, unincumbrance and general warranty.)

" 'It is expressly understood and agreed by the parties hereto, that said Hatchie Manufacturing Company, and its assigns, are to be allowed five (5) years, but not longer, from this date, to cut and remove from said land the timber hereinbefore sold and conveyed.'
.  .  . "The primary contention of defendants is that by the deed the grantee took an absolute and indefeasible title to the timber, so that regardless of the time limit the trees were subject to be cut and removed at will on payment of damages done to the lands of complainant on which the timber or logs were, in any effort to remove the same."

Citing Carson v. Lumber Co., 108 Tenn. 681, 69 S. W. 320; and Box Co. v. Moore, 114 Tenn. 596, 87 S. W. 415, as cases in which this point was not distinctly decided, Mr. Justice WILLIAMS continues:

"The authorities cited and reviewed in those cases need not be recanvassed in this opinion. A large number of decisions on the subject in other jurisdictions have been reported since the dates of those decisions, and, while the lack of harmony in the cases has not passed, the decided trend of the recent authorities is towards the view signified in our two cases referred to, and now by us held to be applicable to the deed in contest.

"A typical and leading case relied upon by the defendants is that of C. W. Zimmerman Mfg. Co. v. Daffin, 149 Ala. 380, 42 South. 858, 9 L. R. A. (N. S.) 663, 123 Am. St. Rep. 58, in which the deed was almost identical with the one we have under review. It was there held that the deed vested a title in the trees in the grantee, not forfeited by a failure to remove the timber within the time limited; that the provision allowing a period of years within which to cut and remove the timber conveyed is to be treated as a covenant to cut and remove on the part of the grantee, who could still enter and remove the timber at his pleasure, being liable to the grantor for such damages to the freehold as he should cause in so doing; and that the grantor would also have a right of action against the grantee for a breach of the covenant in not removing as agreed. Other recent cases in accord with that view are collected by the annotator in notes to U. S. Coal & Oil Co. v. Harrison, 71 W. Va. 217, 76 S. W. 346, in 47 L. R. A. (N. S.) 871, along with the cases *contra.*

"In our view, in this Alabama case and other cases cited by the defendants, the contract is construed technically and in a way to lead to results in declared rights that are inequitable and in remedies that are inadequate. The soundness of a construction that gives rise to so many and such remedies on breach of the contract may well be doubted. Some of the courts holding to the doctrine of indefeasible title declare that, although the grantee does not lose his title by failure to

remove the timber from the land within the period limited, the court cannot give him authority to enter to remove after expiration of the period. In this view there would be an existing title barren of right to be enforced legally, to be enjoyed only by way of a trespass. [Pierce v. Finerty, 76 N. H. 38, 76 Atl. 194, 79 Atl. 23, 29 L. R. A. (N. S.) 547.]

"The better conception of the rights of the parties appears to us to be that such a deed passes a title to the timber which is subject to defeasance as to such of the timber as is not removed within the time fixed for removal; that the title of the grantee terminates, except as to timber removed, with the termination of the grantee's right of entry. As was well said by Mr. Justice BEARD in Carson v. Lumber Co., supra, under the other rule:

" 'The standing timber may interfere with the use of the soil by its owner, practically oust him from its control and enjoyment, without' a contract in terms 'for such extensive rights. The lumber company, claiming under the original grantees, purchased timber and the right to cut and remove it, and not land, and yet upon its contention . . . it has the right to use the soil for sustenance of standing trees, and the land as a depositary for the cut, and their removal, forever, if it pleases.'

"An element that may enter into consideration as inuring to the benefit of the grantor is the clearing of the land for tillage in the contracted removal of timber, and this advantage would be lost to the landowner under the doctrine we discard, if it should please the grantee to leave the timber standing beyond the time limit.

"The stipuation allowing five years, but not longer, to cut and remove the timber from the land, was not complied with by a mere cutting. A severance from the soil is not a removal from the premises, and such as has been cut beyond the point of such severance

into the form of saw logs is lost to the grantee if not removed from the land within the allowed period. [Box Company v. Moore, supra; Anderson v. Miami Lumber Co., 59 Or. 149, 116 Pac. 1056; Rowan v. Carleton, 100 Miss. 177, 56 South. 329; Hitch Lumber Co. v. Brown, 160 N. C. 281, 75 S. E. 714.]''

It will be noted that the deed in the Bond case, after stating that the grantees are to be allowed five years to cut and remove the timber from the land, following the words "five years," contains the words, "but not longer." The deed before us does not contain these words "but not longer." We do not think the presence or absence of these words is at all material. In each case a definite period is set, and in a great majority of cases where that condition occurs, it has been held that "a reasonable time" for removal is not granted; the removal must be within the period stipulated. Hence, the insertion by the trial court of the words "within a reasonable time" was error.

Learned counsel for respondent claim that the decision of many courts, particularly those of Michigan, sustain their contention, citing and quoting from Huron Land Co. v. Davison, 131 Mich. 86. We do not think that case applicable here. The deed there considered fixed no definite time for removal of the timber and the court held that in such case a reasonable time was to be allowed as also notice given to remove. That is not this case.

In Hodges v. Buell, 134 Mich. 162, with a case before it in which the grantor "reserves all saw timber on said land, with right to enter upon and remove same within two years, also rights to build roads across and cross said land within two years from date,'' that same court held that all the timber standing on the land after the expiration of the two years belonged to the grantee. A very full discussion of this question in all of its various aspects will be found in the opinion in this case. In line with it are Newberry v. Chicago Lumbering

Co., 154 Mich. 84; Dye v. East Shore Woodenware Co., 169 Mich. 78; Sullivan v. Godkin, 172 Mich. 257.

The points made by learned counsel for respondent that the deed passed an absolute title to the timber; that whether a clause in it be a covenant of condition; that the law abhors a forfeiture; that in construing a written instrument each and every part should be given effect, are met by the decision in Bond v. Ungerecht, supra, where it is distinctly held that "the better conception of the rights of the parties appears to us to be that such a deed passes a title to the timber which is subject to defeasance as to such of the timber as is not removed within the time fixed for removal; that the title of the grantee terminates, except as to timber removed, with the termination of the grantee's right of entry."

Our conclusion is that the judgment in this case should be reversed and the cause remanded for such further proceedings, as under the rule here announced, the parties may deem proper to take. It is so ordered. *Nortoni* and *Allen, JJ.,* concur.

