WARD, Respondent, v. REISDORF, Appellant.

(226 N. W. 339.)

(File No. 6354.   Opinion filed June 27, 1929.)

*McNulty, Williamson & Smith,* of Aberdeen, for Appellant.
*Van Slyke & Agor,* of Aberdeen, for Respondent.

BROWN, J. The transaction out of which this case arose took place at Aberdeen, S. D., where the parties were staying at the Radison hotel. Plaintiff spent part of her time at Seattle, where she had left a Durant car in charge of Wm. Howell, with instructions to him to sell it either himself or through others, and he authorized Nash Company in Seattle to sell it. Defendant was an art dealer, and in conversations with plaintiff about the car he agreed to give her three water color paintings for the car, which he represented to be worth $500 each. She testified that she told him if the car was not sold she would take the three pictures for it. She made out a bill of sale for the car and put it in his box, but he returned it to her and suggested that they had better wire and find out if the car was sold, and with her approval he caused this telegram to be sent to Howell on May 23, 1925: "Sold Durant today. Wire condition car is in." To this she got a reply that the varnish finish on the body of the car was gone and upholstery damaged by mildew while in storage. Apparently assuming from this reply that the car was unsold, defendant on Monday, May 25th, accepted the bill of sale and delivered to plaintiff the three pictures and she paid him $50 to pay sale or transfer tax on the pictures, and he paid her $1, which "with other good and valuable considerations" was recited as the consideration in the bill of sale. On the same date she received a telegram from Howell saying that the car had been sold without his knowledge the previous Thursday. Plaintiff made some effort to get the Seattle sale revoked,

324

but was unsuccessful, and she then offered to return the pictures to defendant and rescind the sale to him. On his refusal of rescission she commenced this action to annul the sale and recover the $50. Defendant counterclaimed for $1,500 damages, the alleged value of the car. On trial to the court without a jury judgment was given in favor of plaintiff for $49 and cancellation of the bill of sale, from which judgment and an order denying a new trial, defendant appeals.

■ ■ Defendant assigns as error the admission of certain letters and telegrams received by plaintiff from Howell after the delivery of the pictures, relative to the sale of the car in Seattle. He contends that there was no proof of the authenticity of these documents; that they were hearsay as to him, being received after the consummation of the exchange. Immediately on her receipt of these several documents plaintiff placed them in defendant's box in the hotel, he saw and read them, and discussed them with plaintiff, and never questioned their authenticity. There is no claim that the statements contained in them were false or untrue in any particular, and we are of the opinion that they were properly admitted to show the ground of plaintiff's failure to deliver the Durant car to defendant. Plaintiff and her husband and a witness named A. H. Brown all testified to conversations with defendant, tending to prove that the agreement for the exchange was conditional on the car not being sold in Seattle. Brown testified that in his presence Mrs. Ward said to Reisdorf that she could not sell the car until she heard from Seattle to know whether it had been sold out there. If the letters and telegrams were improperly admitted, it is presumed that the trial court disregarded them if there is sufficient other legal evidence to justify the decision. Otto Widen testified that he bought the car in Seattle on May 23rd and he produced as part of his deposition Exhibit A, the "Exchanged Car Order Form" executed by him and the Nash Company salesman for the car at the time of his purchase. Defendant says that the admission of Exhibit A over his objection was plainly prejudicial, but there is nothing in the record showing that he made any objection to its admission, and his argument that it was merely an order for a car and not a contract, "and had no more probative effect than a statement in a newspaper," shows a misconception of the meaning and effect of the exhibit. It is signed by Otto Widen

as purchaser, and by F. C. Mueller, salesman, and is not, as seems to be argued by defendant, subject to acceptance by the salesman's principal. It is a complete contract in writing, by the terms of which the vendee accepts the property and the vendor agrees to deliver as soon as possible.

Widen was asked if on May 23rd, when he signed this contract or order, he actually bought the car. An objection to this question on the ground that it called for the conclusion of the witness was overruled and he answered "Yes." This was a statement of fact and not a conclusion, Frank Hitch Lumber Co. v. Brown, 160 N. C. 281, 75 S. E. 714, and in any event it could not have been prejudicial, because the witness had previously stated, without objection, that he bought the car from the Nash Company on the date stated in the order, and that Exhibit A was the order given by him to the Nash Company at the time of the purchase.

We think it is clear that the consent of both plaintiff and defendant to the exchange of the car for the pictures was given by mutual mistake, both supposing that the car was then unsold, and that plaintiff had a right to rescind. Rev. Code 1919, § 904. They mutually participated in the inquiry as to whether the car had been sold in Seattle; they both assumed from the reply to this inquiry that it was still unsold; the bill of sale was given by plaintiff and accepted by defendant, both believing this to be the case. It is not a situation where plaintiff alone assumed the risk of finding out if she had anything to sell, and then made an unconditional sale of the car. Where a fact assumed by both parties is the basis of a contract, and it subsequently appears that such fact did not exist, there is no agreement. 13 C. J. 376, § 264. Southern Commission Co. v. Wier, 34 S. D. 345, 148 N. W. 597.

There is sufficient testimony to sustain the decision of the court, and the judgment and order appealed from are affirmed.

SHERWOOD, P. J., and POLLEY and BURCH, JJ., concur.
CAMPBELL, J., not sitting.