LOWE *et ux. v.* CLEMMONS *et ux.*

(*Nashville,* December Term, 1952.)

Opinion filed January 15, 1953.

McALLEN FOUTCH, of Smithville, for plaintiffs.

E. A. LANGFORD, of Cookeville, for defendants.

Mʀ. Jᴜsᴛɪᴄᴇ Gᴀɪʟᴏʀ delivered the opinion of the Court.

In the Chancery Court of DeKalb County, complainants filed their original bill against the defendants, asserting their ownership of timber on a specified tract in the 8th Civil District of DeKalb County, and praying an injunction to permit them to enter upon the lands described, and to remove timber.

Prior to October 8, 1946, complainants were the owners of the land involved, and on that date conveyed the land to the defendants with a reservation of the rights to the standing timber thus set out in the original bill:

"Complainants will further show to the Honorable Court that the sale and conveyance of said tract of land by the complainants to the defendants contained a clause or paragraph giving the complainants five (5) years in which to cut and remove said timber, which provision was inserted for the purpose of expediting the removal of said timber from said land, but said sale and conveyance contained no provision, expressly or otherwise, that upon failure to cut and

remove said timber within said five (5) year period would cause the title to said merchantable timber to revert to the defendants, their heirs or assigns, and accordingly the complainants are the absolute owners of all of said timber, and are now vested with an absolute title to said timber under and by the provisions of said conveyance.''

According to the bill, the deed conveying the lands was recorded on October 8, 1946, so that the five-year period of reservation expired on October 8, 1951, and the bill in this cause was not filed until January 23, 1952.

Being of opinion that the decision in *Bond* v. *Ungerecht,* 129 Tenn. 631, 167 S. W. 1116, L. R. A. 1915A, 571, controlled the case, the Chancellor sustained a demurrer to the bill and dismissed it. The complainants have perfected this appeal.

There are three assignments of error made to support the appeal.

The first assignment is that the Chancellor erred in sustaining the demurrer ''without having the deeds before the Court,'' ''since action on the demurrer depended on construction of the deeds.'' By this assignment, complainants seek to take advantage of their own neglect and profit by the imperfection of their own pleadings. The deeds involved were made exhibits to the bill and incorporated in it by reference. In fact, the deeds were never filed by the complainants, and were not a part of the record when the Chancellor acted upon the demurrer.

It is elementary that it was the duty of the complainants to plead properly and completely, all matters upon which they sought the Chancellor's decision. If they relied on a construction of the deeds, it was their duty to present the deeds to the Chancellor in a proper way.

■ The pertinent part of the second assignment is as follows:

"The first deed, that is, the deed from the complainants to the defendants, which covered the land, and reserved the timber to the complainants, is alleged to contain a clause or paragraph giving the complainants five (5) years in which to cut and remove the timber, but the bill alleges that this provision was inserted for the purpose of expediting the removal of said timber from said land but that said sale and conveyance contained no provision, expressly or otherwise, that upon failure to cut and remove said timber within said five (5) year period would cause the title to said timber to revert to the defendants, and that according to said deed the complainants are absolute owners of all of said timber, and vested with an absolute title thereto."

Obviously, to reach the merits of this contention, it is necessary to construe certain clauses of the deed. No attempt is made to copy these clauses verbatim in the bill, and by complainants' own fault, the deed is not before the court. The complainants make no excuse for failing to file the deed.

The third assignment is a mere allegation that the Chancellor erred in sustaining the demurrer dismissing the bill. No specific grounds are stated to support this assignment.

■ Nowhere in the original or amended bill, do complainants state any grounds for equitable relief, or make any charge of "fraud, accident, or mistake," in extenuation of their failure to exercise the right to cut and remove the timber within the five-year period of reservation. With the record in this state, as the Chancellor

found, the complainants have lost all rights to the timber. The Tennessee rule applicable is that a deed of standing timber, with provision that the grantee is to be allowed five years, but no longer, to cut and remove it, passes a title to the timber, subject to defeasance as to such of it as is not removed within the time specified. The grantee's title is terminated as to all timber not removed within the five-year period. *Bond* v. *Ungerecht,* 129 Tenn. 631, 633, 167 S. W. 1116, L. R. A. 1915A, 571. Cf. *Rodgers* v. *Anderson-Tully Co.,* 10 Tenn. App. 362, 367.

All assignments of error are overruled and the decree of the Chancellor is in all respects, affirmed.