OF THE

# SUPREME COURT OF APPEALS

## OF WEST VIRGINIA.

# JANUARY TERM, 1889.

## CHARLESTON.

FLEMING *v.* GUTHRIE.

Submitted January 12, 1889.—Decided January 12, 1889.

1. JURISDICTION—INJUNCTION.

A court of equity has no jurisdiction to enjoin the Secretary of State from delivering to the speaker of the House of Delegates the sealed returns of an election for Governor properly transmitted to him, and such injunction, if granted, will be treated as a nullity. (pp. 3-6.)

2. JURISDICTION —INJUNCTION —MANDAMUS —PROHIBITION —SUPREME COURT.

This Court will not award a writ of prohibition against a Circuit Court to prohibit it from proceeding by *mandamus* to compel the Secretary of State to deliver such returns, on the petition of a party, who alleges no other ground or interest in the matter than the fact, that he is the plaintiff in said injunction-suit, and that the Circuit Court has ignored his injunction, although it appears, that said court had no jurisdiction to award said *mandamus.* (p. 6.)

*O. Johnson, J. W. St. Clair* and *Brown & Jackson* for petitioner.

*J. A. Hutchinson* and *W. P. Hubbard* for respondent.

SNYDER, PRESIDENT:

On January 10, 1889, A. B. Fleming presented his petition to this Court, in which he alleged, that on January 9, 1889, he exhibited his bill in equity to A. N. Campbell, a Circuit judge of this State, and obtained from him an injunction restraining Henry S. Walker, Secretary of State, from laying before the Legislature of the State the certificate of the commissioners of the County Court of Kanawha county, purporting to ascertain the result of the general election held in said county on November 6, 1888, for the office of Governor of this State; that, after said injunction had been perfected and served upon said Walker, Nathan Goff, who was also a defendant to said bill of injunction, without any notice to the petitioner applied to F. A. Guthrie, Judge of the Circuit Court of Kanawha county, in term for a writ of *mandamus* to compel said Henry S. Walker, Secretary as aforesaid, to do what he had been enjoined from doing by said bill; that Judge Guthrie being fully advised of the existence of said injunction announced from the bench, that he would ignore and treat as naught said injunction, and thereupon he did ignore said injunction and award a *mandamus nisi*, returnable at 9 o'clock A. M. on January 10, 1889, commanding said Walker, Secretary as aforesaid, to forthwith deliver said certificate to the Speaker of the House of Delegates of the Legislature; the said Walker has no personal interest in said injunction or *mandamus* proceedings; and that petitioner is the real and only opposing party in interest against the said Goff in any of said matters. The petition prayed for a rule against said Guthrie, Judge *etc.*, and said Goff, to show cause why a writ of prohibition should not issue prohibiting said Guthrie, Judge *etc.*, from holding for naught and setting aside said injunction and prohibiting him and the said Goff from proceeding in said *mandamus* case without notice to petitioner or opportunity for him to appear and defend his interests therein.

· The rule was awarded as prayed for, returnable on January 11, 1889, at which time the respondents appeared and moved the court to quash the rule. On the motion of the petitioner his petition was so amended as to show, that the injunction bill averred, that a writ of *certiorari* had been sued out of the Circuit Court of Kanawha county by petitioner against the county commissioners of said county to supervise and correct the action of said commissioners in canvassing the vote for governor at the election of November 6, 1888; that said writ had been sued out on January 4, 1889, and was still pending; and that said county commissioners had transmitted said certificate to said Walker, Secretary *etc.*, on December 15, 1888. ·

The motion to quash the rule after having been argued by counsel for the respective parties was on January 12, 1889, submitted to this Court for its decision.

It is contended by the respondents, that the injunction awarded by Judge Campbell referred to in the petition was void, because a court of equity has no jurisdiction to restrain a public officer from performing a plain duty required by the constitution. On the other hand it is insisted for the petitioner, that, if any jurisdiction existed for the injunction, then the action of the Circuit Court in the *mandamus* proceedings is such an abuse of its powers and jurisdiction as will be prevented by prohibition. It is thus apparent that the important question is: Did the Judge have jurisdiction to award said injunction?

In *Walton* v. *Develing*, 61 Ill. 201, it was held that, "Where the law plainly requires an officer to perform a duty, and he is not exceeding or abusing his powers but fairly acting within the same, and a court issues a writ to restrain him from its performance, he must discharge his duty as prescribed by the law." That case was a proceeding for contempt against election officers for holding an election in disobedience to an order of injunction, and in which the court held, that the injunction having been issued without authority was void, and that there was no contempt in disobeying it. The court in its opinion says: " In such case what must control the officer,—the mandate of the court or the plain behests of the law? The court, as well as the inferior officer, must be governed by the law. When the law imposes a positive duty

upon a public functionary, and a court commands him not to perform it, he must obey the law and disobey the writ of the court."

In *Moulton* v. *Reid*, 54 Ala. 320, it was decided, that a court of equity has no jurisdiction to enjoin the person declared elected to a municipal office from using his certificate of election, where the law provides for a contest.

In *Smith* v. *Myers*, 109 Ind. 1, (9 N. E. Rep. 692,) it was held, that " the courts have no jurisdiction of a suit to enjoin the secretary of state from delivering to the speaker of the house of representatives the sealed returns alleged to be wrongful and illegal of an election for lieutenant governor, which are directed to the speaker as required by law in care of the secretary and are to be delivered to him by the latter." The court in its opinion says:

" It is a principle of constitutional law, declared in our constitution and enforced by many decisions of our own and other courts, that the departments of government are separate and distinct, and that the officers of one department shall not invade any other. To interfere by injunction in this case would involve a violation of this fundamental principle, as a conflict between two great departments of the government would result from an exercise of the jurisdiction invoked by the appellant. The general assembly has power to compel the attendance of persons at is sessions, and to compel the production of papers which are necessary to enable it to justly and intelligently discharge its duties and exercise its functions. If the judiciary should enjoin the secretary of state from delivering to the speaker the papers described in the complaint, and the general assembly should demand their delivery to the officer to whom they are addressed, a conflict of authority would arise which no tribunal could effectually determine. If the secretary should, in such case, yield to the demand of the general assembly, he would be in contempt of the authority of the court, and liable to punishment; if, on the other hand, he should disobey the command of the general assembly, he would be in contempt of its authority, and subject to punishment. If the general assembly should deem it the duty of the secretary of state to deliver the papers, it would not require the aid of the courts

to compel its performance, for it possesses the power to corece the production of papers and documents: * * * It is apparent, therefore, that as, on the one hand, the general assembly would not require the aid of the courts, by *mandamus* or otherwise, to compel the production of papers addressed, by direction of the constitution and the statute, to the presiding officer of one of its branches, so, on the other hand, the courts can not by injunction restrain it from obtaining those papers, nor by indirection produce that result by stoping them in the hands of one whom the law makes a mere custodian."

Our constitution and statute in respect to the question before us are almost identical with those of Indiana, and the facts in the case, from which I have quoted, and the one at bar are so nearly alike as to make the opinion, from which the above quotation is taken a very apposite though not an absolutely binding authority in the case under consideration.

Without referring to other authorities, of which there are many, it is sufficient to say, that according to well-settled principles of law I am clearly of opinion, that under our constitution and statutes a court of equity has no jurisdiction to award an injunction in a case such as the one made in the petition in this case. Our constitution (article VII, § 3) declares : " The returns of every election for the above-named officers (one of whom is the governor) shall be sealed up and transmitted by the returning officers to the secretary of state, directed to ' the speaker of the house of delegates,' who shall immediately after the organization of the house, and before proceeding to business, open and publish the same, in the presence of a majority of each house of the legislature, which shall for that purpose assemble in the hall of the house of delegates ;" and ample provision is made by statute to compel the production of papers before either house of the legislature. Code 1887, c. 12, § 7. The 18th section of article VI of the constitution provides, that the regular biennial session of the legislature "shall commence on the second Wednesday of January," which for the year 1889 was on the 9th day of January.

It is thus shown, that, at the time the injunction in ques-

tion was granted, the legislature was in actual session, indeed it was presumably this very fact, that prompted its issuance; for otherwise there could have been no delivery of the election-returns by the secretary of state, and therefore no necessity for the injunction. And the legislature, a coordinate branch of the state government, being in session and having exclusive control over the said certificate or election returns for governor and possessing plenary power to compel their delivery, the courts had no jurisdiction or control over said returns by injunction or otherwise. They had been delivered to the Secretary of State in the manner prescribed by law, before any proceedings had been taken in the courts in respect to them, as is shown in the petition in this case. As the statute (section 23, ch. 3, Code) has made it the positive duty of the Secretary of State to deliver the same to the Speaker of the House, the said injunction was an absolute nullity and constituted no ground for the refusal of said officer to discharge that duty.

It will be observed, that the said injunction is the only ground alleged in the petition for the writ of prohibition, and, while it is apparent, from what we have already said, that the *mandamus* complained of was improperly awarded by the Circuit Court, yet, as the petitioner does not by his petition show such interest or right as would entitle him to interfere in or complain of said *mandamus*, we can not at his instance for any ground alleged in his petition take cognizance of said proceedings or award the writ of prohibition.

For these reasons the motion to quash the rule is sustained, and the writ denied.

WRIT DENIED.