# CHARLESTON.

BUFORD *et al. v.* CHICHESTER *et als.*

Submitted June 8, 1909.     Decided April 18, 1911.

1.  REFORMATION OF INSTRUMENTS—*Mutual Mistake.*
    Equity has jurisdiction to reform a written agreement, by supplying any material matter omitted by mutual mistake of the contracting parties. (p. 215).

2.  SAME—*Discretion of Court.*
    Such equitable remedy is not absolute, but depends upon whether the reformation sought is essential to the ends of justice. (p. 215).

3. SAME—*When Relief Denied.*

If the omission which is sought to be supplied would give the agreement no different meaning, or legal effect, from what it had before, the omission is immaterial, and the remedy will be denied. (p. 216).

4. EQUITY—*Dismissal Without Prejudice.*

A general demurrer to a bill which on its face shows no ground of equity jurisdiction, and which cannot be cured by amendment, should be sustained, and the bill should be dismissed. But if the bill shows a cause of action which would be good in a court of law, the dismissal should be without prejudice. (p. 216).

Appeal from Circuit Court, Wood County.

Action by W. M. Buford and others against W. T. Chichester and others. Judgment for defendants, and plaintiffs appeal.

*Reversed, and Appeal Dismissed.*

*J. W. Vandervort,* for appellants.

*William Beard,* for appellees.

WILLIAMS, PRESIDENT:

This is a suit by W. M. Burford (*nee* W. M. Brevard) and L. E. Brevard, partners in the mail contracting business against J. M. Hinton, sub-contractor, and W. T. Chichester and J. W. Rider, his sureties, for the purpose of reforming a written contract made by said Hinton whereby he agreed to carry the mail on Route No. 31,244 from Marietta, Ohio, to Heslop in said state, and back, six times per week, beginning August 1, 1902, and ending on June 30, 1903, for $450.00 per annum; and also to recover damages for an alleged breach of the contract by said Hinton. A demurrer to the bill was overruled, and defendants answered. On the 13th of December, 1907, the cause was heard upon the pleadings, exhibits, and depositions of witnesses, and the court granted the relief prayed for in respect to reforming the contract, and refused to award damages, and relegated plaintiffs to such action at law on the contract as they might lawfully be entitled to. From this decree plaintiffs have appealed. Defendants also cross-assign errors.

The demurrer to the bill raises the question of jurisdiction. Does the bill present a cause for equitable relief? There is no doubt of equity jurisdiction to reform a written instrument so

as to make it speak the true agreement between parties, when the mistake sought to be corrected is a mutual one, and is essential to give complete legal effect to the instrument. But this remedy is not absolute; it is discretionary with the courts and depends upon whether the reformation is essential to the ends of justice. 34 Cyc. 907. "A court will not reform an instrument merely for the sake of reforming it, and it is a good defense to point out, whether on demurrer or answer, that the reformation would be useless and of no effect. There is no necessity for reformation where the party against whom action is brought is willing to rectify, or where the legal construction put on the instrument would be the same as before reformation." 34 Cyc. 946.

The only reformation of the written agreement which the bill seeks to have made is to have the names of the sub-contractor and his sureties inserted in the blank spaces left for that purpose in the body of the printed form of contract. The contract is exhibited with the bill; and that portion of it containing the blank spaces reads as follows, viz: "This Article of Agreement, made the 18 day of July, nineteen hundred and two, between W. M. Brevard, of Huntingdon, County of Carrol, and State of Tennessee, contractor with the United States, party of the first part and ...................., of Marietta, County of Washington, and State of Ohio, sub-contractor, party of the second part, and ............... of ...............,  his sureties."

This agreement was signed and sealed by J. M. Hinton, with the designation, after his signature, of *subcontractor,* and by W. T. Chichester and J. W. Ryder, with the designation of *surety* after the signature of each; and by W. M. Brevard with the designation, after his signature, of *contractor with the United States.*

Would the insertion of the names of the sub-contractor and his sureties in the blanks add anything to the legal force or effect of the written contract? Would the agreement have any different meaning, or effect, after the names were inserted from what it had before? Certainly not. Then, if the insertion of the names would not change the meaning, or legal effect of the writing, it necessarily follows that reformation is immaterial and unnecessary. It would be idle to reform a writing

that would be susceptible of no different interpretation after it is reformed than could properly be given to it before. The manner in which the contract was signed shows that J. M. Hinton was party of the second part and was the sub-contractor, and that the other two defendants were his sureties. The agreement, taken as a whole and including the signatures, furnishes all necessary proof of what names were intended to be used in the blank spaces. After the contract was signed no other names than the names of the defendants could have been properly filled in the blanks. The contract conveys the same meaning whether the blanks be filled or not, and the omission to insert the names in those blanks at the time the instrument was signed is an immaterial matter; and, it being altogether an immaterial matter, relief in equity is not essential to further the ends of justice. Equity jurisdiction is, therefore, not sustained on the ground of reforming a written agreement.

The only other relief asked is damages for an alleged breach of the contract, and for this plaintiffs have a complete remedy at law. The demurrer to the bill should have been sustained; and, for the reason that it clearly appears from the nature of the case that the bill cannot be cured by amendment, it should have been dismissed, but without prejudice to plaintiffs' right to sue at law on the contract.

The decree complained of will be reversed, and this Court will enter a decree dismissing the bill without prejudice to plaintiffs' right to sue at law.

*Reversed, and Appeal Dismissed.*