## CHARLESTON

UNITED STATES COAL & OIL COMPANY v. HARRISON.

Submitted September 6, 1911.   Decided October 29. 1912.

1. LOGS AND LOGGING—*Reservation of Title—Unassignable License.*
    A clause in a dead which conveys land from parents to a
    child as an advancement, reserving to the father and mother

71 W. Va.

"the privileges of selling and removing any timber from said land that they may desire to sell or to use and also the right of way through said lands to remove the same," does not reserve title to the timber. It creates only an unassignable license. (p. 218).

2. SAME—*Reservation of Unassignable License—Revocation.*
    An attempt to assign such license revokes it, and the passage of the title to the land into the hands of a third party, by a sale, also terminates it. (p. 219).

Appeal from Circuit Court, Cabell County.

Suit by the United States Coal & Oil Company against Lem Harrison and others. Decree for plaintiff, and defendants appeal.

*Affirmed.*

*J. S. Miller* and *C. H. Hudson,* for appellants.

*Vinson & Thompson* and *E. T. England,* for appellee.

POFFENBARGER, JUDGE:

On the bill in this cause, having for its purpose cancellation of certain deeds, as clouds upon title, and inhibition of the cutting of timber by injunction, partial relief was granted by cancellation of the deeds.

The rights of the parties depend for the most part upon the interpretation of the following reservation in a deed dated June 11, 1887, by which Wm. B. Dempsey and Barbara, his wife, conveyed two tracts of land, containing 50 acres and 18 acres, respectively, to Rosa Jane Carter, their daughter, as an advancement: "And the said William B. Dempsey also reserves to himself and to his said wife the privileges of selling and removing any timber from said that they may desire to sell or to use and also the right of way through said lands to remove the same."

More than twenty years later, Sept. 23, 1907, Wm. B. Dempsey having died, the widow, Barbara deeming herself the owner of the timber, executed a deed therefor to Lem Harrison and J. M. Meeks, and, on the next day, Meeks conveyed his interest to Harrison, who with his wife, Dolly, conveyed to John M. Harrison, October 26, 1908, who, on the next day, conveyed it back to Dolly Harrison. The plaintiff in this cause, having become the owner of the Rosa J. Carter land, filed said bill, in March, 1910,

and obtained an injunction to prevent the Harrisons from cutting the timber. James A. Nighbert bought the land in 1890 and took immediate actual possession thereof and the plaintiff derives its title through him. No claim to title to the timber, under the reservation, was ever asserted within the twenty year period from 1887 to 1907.

No reservation of the timber itself in express terms is found in the clause. Only sale and removal privileges are reserved, and these reservations are made in terms, indicative of intent not to subject all of the timber thereto, but only such as should be selected. Nor is there any limitation as to time of sale or removal The deed also discloses the relationship of the parties and the purpose of the conveyance. It was from parents to a daughter, as an advancement, facts to be considered in seeking the intent of the reservation, indicative of a purpose other than reservation of title to the timber, and agreeable to the theory of a limited license, suggested by the terms used, which finds support in the conduct of the parties also. Wm. B. Dempsey never claimed the title nor any right of sale of the timber as a whole, while he lived, nor did his widow until after the land went into the hands of strangers. Speaking of a parol agreement in *White v. White,* 64 W. Va. 30, we said: "The significance of language used in a parol agreement always depends upon the situation of the parties at the time, their prior and subsequent conduct, the nature of the subject matter, the purposes they had in view and all the surrounding circumstances. It sometimes means more, and sometimes less, than the words employed signify in their usual and ordinary acceptation." The same observation is applicable here. Apprehending possible necessity for timber for use or occasional resort thereto for money for limited purposes, the grantors reserved the right to go upon the land and select and cut, or cause to be cut, certain kinds and quantities, but never to cut or sell all of it. Thus viewed, the reservation amounts to no more than a personal covenant, extending a privilege, personal to the grantors and not assignable to third persons, who might, under the influence of motives not contemplated, proceed to take all the timber or an undue amount thereof, and in a reckless and injurious manner. They reserved no interest in the land except right of ingress or egress to remove such timber as they should cut or cause to be cut, a mere incident of the license. Being, therefore,

not coupled with an interest, the license was revocable, and was terminated by the attempted assignment thereof. *Blaisdell* v. *Railroad Co.,* 51 N. H. 483; *Polk* v. *Carney,* 17 S. D. 336; *Fischer* v. *Johnson et al,* 106 Ia. 181; *Bates* v. *Duncan,* 64 Ark. 339. The sale of the land by the licensor also terminated the license. *Jenkins* v. *Lykes,* 19 Fla. 148; *Hazelton* v. *Putnam,* 54 Am. Dec. 158.

Seeing no error in the decree, we affirm it.

*Affirmed.*