# CHARLESTON.

LIZZIE CHAMBERS *v.* W. E. PIERCE, ADMINISTRATOR, ETC.

Submitted October 2, 1923. Decided November 6, 1923.

1. DOWER—*Demurrer to Bill for Distributive Share of Deceased Husband's Estate, Showing Agreement to Release Rights in Each Other's Property, Should be Sustained.*

Where a bill in chancery is filed by one who claims to be the widow of a decedent, which bill prays that she be decreed the distributive share of his personal estate, and sets up, as a part of her bill, a written agreement between her and her husband, in which, in consideration of $2000.00 to be paid to the plaintiff, they mutually agree to release any and all claims which either of them has, or may have, in the property of the other, and in which plaintiff releases all right of dower in the property of the decedent, that he then had or might thereafter acquire, whether by purchase or otherwise, and sets up the payment of the consideration to the plaintiff; a demurrer to the bill should be sustained. (p. 771).

2.  HUSBAND AND WIFE—*Post Nuptial Agreements on Sufficient Consideration Not Forbidden by Positive Law or Public Policy.*
    Post Nuptial Contracts made between husband and wife, founded upon a good and sufficient consideration and not forbidden by any positive law or public policy, are enforceable in a court of equity. (p. 772).

3.  SAME—*Widow Cannot Have Distributive Share of Husband's Estate Until Making or Offering to Make Restitution for Amount Received for Release of Interest in His Property.*
    Where the bill of the plaintiff alleges that the personal estate of her deceased husband amounts to $8117.89, and that she received from her husband $2961.30 for release of her interest in his property; she cannot recover any part of said estate as her distributive share of the same, until she either makes, or offers to make, restitution of said amount with its accrued interest from the time she received the same. (p. 772).

4.  EQUITY—*Where Demurrer tc Bill, Which Cannot be Amended to Afford Plaintiff Relief is Sustained, Case Will be Dismissed.*
    Where a demurrer to a bill in chancery is sustained, and said bill discloses that it cannot be amended in such a manner as to give the plaintiff the relief she seeks; the case will be dismissed. (p. 771).

Appeal from Circuit Court, Marshall County.

Suit by Lizzie Chambers against W. E. Pierce, administrator of the estate of Robert A. Chambers, deceased. From a decree for plaintiff, defendant appeals.

*Reversed, and bill dismissed.*

*J. Howard Holt,* for appellant.
*Everett F. Moore,* for appellee.

McGINNIS, JUDGE:

Robert A. Chambers died intestate in Marshall County on the 8th day of October, 1920, leaving an estate valued at $8117.89, consisting of money, bonds and notes. The defendant, W. E. Pierce, was appointed administrator of his estate and took charge of the same by virtue of his appointment as such administrator.

Plaintiff, claiming to be the widow of the said decedent, instituted this chancery suit at August rules, 1921, in the

Circuit Court of said county, against the defendant adminis-
trator, setting up her marriage to the deceased and his death
claiming that, as the widow of said decedent, she was en-
titled to a distributive share of one-third of his personal
estate, and praying that same may be decreed to be paid to
her by the defendant. Plaintiff alleges, in her bill, that, the
deceased left to survive him seven children by a former wife,
and further alleges that she and the decedent were married
on the 27th day of November, 1913, in said County of Mar-
shall; that on the 30th day of November, 1913, they went to
house keeping on the farm owned by said Chambers, near
the town of Cameron in said county at which place they
lived and cohabited together until the 16th day of December,
1913, when by reason of cruel and inhuman treatment to her
by her husband, she was compelled to leave him and take up
her abode with her sister in the City of Moundsville; that
at the January Rules, 1914, she instituted a divorce suit
against the deceased; copies of all the proceedings in said
divorce suit are filed with her bill, and marked exhibit "C";
that pending said divorce suit, to-wit, on the 20th day of
June, 1914, they entered into an agreement in writing, by
which they agreed to compromise their differences and by
which agreement her said husband was to pay her $2000.00,
and she in turn was to sign the deed for his farm which he
was, under an agreement, to sell, and she agreed to dismiss
the said divorce suit; that the said $2000.00, mentioned in
the agreement, was paid to her and that she deposited said
money in her own name in a bank; that the said husband
falsely represented to her that the bank in which she had
deposited said money was unsafe and that, relying upon his
said statement, she turned the evidence of her deposits over
to her husband on the 3rd day of July, 1914, and that he
collected said money from the bank and fraudulently con-
verted the same to his own use and left for parts unknown,
and that she has not seen him since that time; that on the
11th day of May, 1916, she obtained personal service on her
husband of a summons to answer a bill in chancery to be filed
against him at June Rules, 1916, in said court, which bill
was filed for the purpose of the recovery of the money that
her said husband had fraudulently converted to his own use

as aforesaid; that on the 6th day of October, 1916, a decree was entered in her favor against her said husband for $2213.15, that being the amount due her including interest; that on the 15th day of November, 1916, a decree was entered in said cause showing that the said sum had been paid to her, and the cause was dismissed from the docket; and further alleges that: "All of which proceedings in relation to the recovery of the said money given her in consideration of said agreement which was falsely and fraudulently obtained from plaintiff as hereinbefore alleged will more fully and at large appear from a compared copy of all the papers filed and decrees entered in said chancery cause herewith filed as exhibit "D" to this bill of complaint, which is asked to be taken and read in connection herewith." Upon examination of said exhibit we find filed with the bill in that case and asked to be read and considered therewith, the following agreement: "AGREEMENT made and entered into this twentieth day of June in the year of our Lord one thousand nine hundred and fourteen, between Robert W. 'Chambers, party of the first part, and Lizzie Chambers, party of the second part. WITNESSETH: That, whereas, the said party of the second part, who is the wife of the said party of the first part, has entered suit in the Circuit Court of Marshall County, West Virginia, for an absolute divorce from the bonds of matrimony, and whereas, the said party of the first part has property in real estate, and other property that he is desirous of conveying and on account of the said divorce suit and difference of opinion between the parties, hereto said property cannot be sold by the said party of the first part free from incumbrances, and whereas, the said party of the second part has agreed to the sale of said real estate and both parties hereto have agreed to compose their differences: NOW THIS AGREEMENT, WITNESSETH, that the said party of the first part hereby agrees to pay unto the said party of the second part the sum of $2000.00 in cash, the consideration of which the said party of the second part hereby agrees to sign the deed for the conveyance of the land of the said party of the first part, which deed shall convey her inchoate right of dower in the said land. The party of the second part also agrees to dismiss at her cost the suit now pending in the

Circuit Court of Marshall County, West Virginia, against the said party of the first part in which suit she is asking for a divorce from the said Robert A. Chambers and further; the said $2000.00 shall be full payment of all rights of dower in the estate of the said party of the first part, which he now has or may hereafter acquire either by purchase or otherwise, and shall be a full release from any and all claims that the party of the second part may now or hereafter have against the party of the first part for any maintenance and support by virtue of her being the wife of the said Robert A. Chambers and further such payment shall be a full release of the said party of the first part from any claim and demand and control of any kind whatsoever that she has or may have in the property of the said Robert A. Chambers. And the said Robert A. Chambers, the said party of the first part hereto, also releases any and all claims he has or may have in the property of the said party of the second part.'' This agreement is signed and acknowledged by both parties thereto.

The bill further alleges that during the pendency of her divorce suit in Marshall County, West Virginia, her husband fraudulently obtained a decree from the bonds of matrimony in the Circuit Court of Wayne County, Michigan, on the 17th day of October, 1917, and alleges that said decree entered in the Circuit Court of Wayne County, Michigan, was rendered without jurisdiction and is therefore void; and plaintiff files with her bill all the proceedings in said cause. The bill prays that the defendant may be required to account for all the estate coming into his hands to be administered belonging to her deceased husband and that on a hearing of the cause her distributive share of same be decreed to be paid to her by the defendant, and for general relief.

There was a general demurrer to this bill and the demurrer was over-ruled and the court entered an order, in accordance with the prayer of the bill, decreeing to the plaintiff the one third of whatever sum is left of this $8117.89 after the costs of the administration shall have been paid with interest on that sum until paid, and costs of this case; and from this decree the defendant, administrator, has appealed to this court claiming that the court erred in over-ruling his demurrer to the bill and in entering said decree.

. Here is a bill which shows upon its face that the plaintiff has, by the solemnity of her own contract, released any claim and demand that she, at that time, had or may have in the property of her husband. The plaintiff has not only received a full consideration for entering into that contract but she shows by her bill that she pleaded this contract in a suit in equity in Marshall County brought for the purpose of obtaining a decree against her husband for the money paid her under this contract which, she alleges, her husband fraudulently obtained from her, and that the court decreed her said money with interest, and that said amount has been fully paid to her. There is no charge in the bill that this contract was entered into by her without consideration, or without sufficient consideration, or that the amount paid under it was unfair or inequitable; no offer upon the part of the plaintiff to restore this money to the estate. There is no excuse whatever offered by the plaintiff in her bill, why she should not comply with the terms of the contract, or why she desired to repudiate it. The bill further shows that after the plaintiff had signed this contract in which she agreed to dismiss the divorce suit, and in which she relinquished her claim on her husband for support and maintenance, she makes a motion for additional alimony and has allowed to her, by the court, $575.00.

"He who seeks equity must do equity."

Upon this age old principle of equity this bill is bad and this demurrer should have been sustained, and seeing, from the record that the bill can not be amended in such a manner as to give the plaintiff the relief she seeks, the case should have been dismissed, and we here dismiss the same.

The whole force of the argument and brief of the plaintiff seems to be directed against the divorce decree rendered in Wayne County, Michigan, and the journal entry in the Court of Common Pleas of Belmont County, Ohio, and practically ignores the contract made between the parties in Marshall County, West Virginia, except to say that the defendant's intestate is estopped from pleading this contract in his defense, because this question is *res judicata* and that the agreement is not broad enough to include dower or distributive share. The reading of the contract itself is a sufficient refutation of the

argument that the contract is not comprehensive enough to include dower and distributive share of the decedent's estate. Neither the chancery suit brought to enforce the payment of the money consideration paid by the deceased for the execution of the same nor the allowance of alimony by the court in the divorce suit after the contract was entered into, in any manner adjudicated the questions here arising upon this agreement. When the plaintiff goes into a court of equity and files this contract as a part of her bill, and compels her husband to pay the consideration for its execution, can it be said that he, or his administrator, is not entitled to the benefit of it, or that, by reason of that suit, it has been adjudicated and annulled?

When she files her petition in the divorce suit for alimony and fails to exhibit this contract or ask that it be considered and obtains a decree for money she is not entitled to under the terms of the contract, should it be held that the questions arising upon this contract in this suit have been adjudicated? We think not.

This contract has never been attacked even by this bill, the entire consideration has been paid, and no restitution has been made or offered to be made of the money paid under it. Will the plaintiff be allowed to keep the money she received for signing the contract and say she is not bound by it? We think not.

"Contracts made between husband and wife, though void at common law, are, if fair and equitable and not in contravention of public policy and made for a valuable consideration, enforceable in equity." Story's Eq. Jur. sec. 1799; *Bolyard* v. *Bolyard,* 79 W. Va., 557; *Phipps* v. *Phipps,* 240 Ill. 230; 13 R. C. L. sec. 404; *Hill* v. *Bolland,* 125 Md. 113; *Lively* v. *Paschel,* 35 Ga. 218; *Dakin* v. *Dakin,* 97 Mich. 284; *Finnel's Estate,* 207 Pa. 309.

We will not go further into the facts or the legal questions arising herein. After having sustained the demurrer to plaintiff's bill it is unnecessary to go into the merits of the case not disclosed by the bill.

We reverse the case and dismiss the bill.

*Reversed.*