STATE *ex rel.* GORDON MEMORIAL HOSPITAL, INC.

*v.*

WEST VIRGINIA STATE BOARD OF EXAMINERS FOR REGISTERED NURSES, *et al.*

(No. 10360)

Submitted April 10, 1951. Decided June 19, 1951.

*Wm. Bruce Hoff, J. M. Harper,* for relator.

*William C. Marland,* Attorney General, *Homer W. Hanna, Jr.,* Assistant Attorney General, for respondents.

*Charles C. Wise,* for West Virginia State Nurses Ass'n, *amicus curiae.*

HAYMOND, JUDGE:

In this original proceeding the petitioner, Gordon Memorial Hospital, Inc., a corporation, seeks to prohibit the defendants, the West Virginia State Board of Examiners for Registered Nurses, and Sister Mary Pia, Ann Henshaw Gardiner, Alice Virginia White, Catherine Thorn Benninghoff, and Clifford Burroughs, its members, from removing from the list of accredited schools of nursing in this State, recognized and authorized by the board, a school for nurses which is owned and operated by the petitioner in connection with its hospital at Spencer, in Roane County, West Virginia.

After having been notified by letter from the board, dated April 19, 1950, that the school operated by the petitioner would, for reasons stated, be removed from the accredited list on January 1, 1951, the petitioner, to prevent such threatened action, instituted this proceeding in this Court on December 27, 1950. Upon the petition a rule returnable January 16, 1951, was awarded by this Court. On that day the defendants filed their answer to the petition and, an issue of fact having arisen upon the pleadings, this proceeding, by agreement of counsel and permission of this Court, was continued until April 10, 1951. At that time it was submitted for decision upon the petition, the demurrer of the defendants to the petition, the answer of the defendants, the general replication of the petitioner to the answer, the depositions taken and filed by the respective parties, the motion of the defendants, filed January 11, 1951, to dismiss this proceeding, the briefs in behalf of the respective parties, the brief of West Virginia State Nurses Association, as *amicus curiae,* filed by leave of this Court, and the oral arguments of counsel.

The petitioner is a duly organized corporation under a charter issued to it by the Secretary of State in March, 1950, and is authorized, by its certificate of incorporation, to conduct for profit a general hospital and to operate, in connection with it, a training school for nurses. Its principal place of business is in Spencer, Roane County, where it owns and operates a general hospital business. Shortly after its incorporation the petitioner acquired, by conveyance from Dr. A. T. Gordon, its hospital property and its interest in the nurses training school which it is, and since it obtained title to the hospital has been, operating in connection with and as a part of its general hospital business. Dr. Gordon, a duly licensed physician and surgeon, has practiced his profession in Spencer and Roane County since 1919, and, continuously from and after 1921, owned the hospital which he conveyed to the petitioner, and which he operated as the City Hospital or the Gordon Memorial Hospital until he transferred it to the petitioner in 1950. During most of the period of his ownership and

operation of the hospital, and at least from 1925 to the time of the transfer to the petitioner, he operated and conducted, in connection with the hospital, the nurses training school conveyed to the petitioner, which now appears on the list of accredited schools recognized by the defendant, the West Virginia State Board of Examiners for Registered Nurses, and which it regarded as an accredited school until the occurrence of the differences between the petitioner and the board which gave rise to this litigation.

When Dr. Gordon established his training school for nurses, in connection with the hospital owned and operated by him, Section 29-d IV, Chapter 32, Acts of the Legislature, 1917, Regular Session, which in part provided, among other specified requirements, that a training school, to be a recognized school for nurses, within the meaning of the act, must be connected with a hospital having a daily average of at least fifteen patients, was in force and effect, and this provision was incorporated in Section 29d (4) of Chapter 150 of the Code of 1923. Section 29d (8) of a subsequent statute, Chapter 23, Acts of the Legislature, 1925, Regular Session, provided that "An accredited school for nurses within the meaning of this act is defined to be one connected with a hospital having a daily average of at least fifteen patients;" and enumerated other requirements to be satisfied by an accredited school. Section 5, Article 7, Chapter 30, Code, 1931, contained provisions similar to those of the prior statutes. That section was amended and reenacted by Section 5, Article 7, Chapter 60, Acts of the Legislature, 1937, Regular Session, which, in its pertinent parts, contains these provisions: "An accredited school for nurses within the meaning of this article is defined to be one connected with a hospital having a daily average of at least fifteen patients, which requires its pupil nurses in training to have had at least four years of high school education, or three years of high school work after graduation from a standard junior high school, and to have received a diploma or certificate of graduation from a standard high

school in this state, or from a high school outside this state having equal standards, grades and requirements; which does not send out its pupil nurses for private duty; which employs regularly at least one registered nurse; and which provides for its pupil nurses a three years' continuance theoretical and practical course of training in bedside nursing, except for a vacation not to exceed four weeks each year, and a substantial course of training in each of the subjects named in the preceding section upon which applicants for certificates are to be examined by the board of examiners for nurses. * * *."

During the period in which the foregoing statutes were enacted Dr. Gordon, as the owner and the operator of the hospital and the school for nurses conducted in connection with it, complied with the requirement of the respective statutes and his school was placed and remained upon the list of schools accredited by the board.

The current statute, Article 7, Chapter 96, Acts of the Legislature, 1945, Regular Session, in Section 6, after providing for the appointment of the State Board of Examiners for Registered Nurses and prescribing its duties and powers, uses this language: "The board is authorized to adopt and, from time to time, revise such rules and regulations not inconsistent with the law, as may be necessary to enable it to carry into effect the provisions of this act. The board shall prescribe curricula and standards for schools and courses preparing persons for licensure under this article. It shall provide for surveys of such schools and courses at such times as it may deem necessary. It shall accredit such schools and courses as meet the requirements of this article and of the board. It shall evaluate and approve courses for affiliation. It shall examine, license and renew the license of duly qualified applicants." Section 8, of the same statute, contains, among others, these provisions: "An institution desiring to be accredited by the board shall file an application therefor with the board, together with the information required and a fee of ten dollars. It shall submit evidence that: (1) It is prepared to give the course of theoretical instruction

and practical experience in nursing as prescribed in the curriculum adopted by the board. Such instruction and experience may be secured in one or more institutions approved by the board; (2) it is prepared to meet other standards established by this law and by the board.

"A survey of the institution, or institutions, with which the school is to be affiliated shall be made by the executive secretary of the board. The executive secretary shall submit a written report of the survey to the board. If, in the opinion of the board, the requirements for an accredited school of nursing are met, it shall approve the school as an accredited school of nursing. * * *. If the board determines that any accredited school of nursing is not maintaining the standards required by the statutes and by the board, notice thereof in writing specifying the defect or defects shall be immediately given to the school. A school which fails to correct these conditions to the satisfaction of the board within a reasonable time shall be removed from the list of accredited schools of nursing."

It appears that pursuant to the above quoted provisions of the current statute the board at a meeting held in December, 1947, promulgated and adopted rules and regulations which fixed minimum standards for the regulation and the curriculum of accredited schools of nursing, and which, prior to their adoption, were mailed in July, 1947, to every school of nursing in the State, including the school then being operated by Dr. Gordon in connection with the Gordon Memorial Hospital. These rules and regulations require a daily average number of hospital patients of fifty, a minimum number of twenty students, and a daily average in various services of fifteen in medicine, twenty five in surgery, fifteen in obstetrics and fifteen in pediatrics. They also require the hospital to be approved by the American College of Surgeons.

A recent report to the board by the Gordon Memorial Hospital, signed by the Director of the School of Nursing, showed that the daily number of patients at the hospital

was nineteen, that the minimum number of students was nine, and that the daily average in various services was medicine, five, surgery, five, obstetrics, four, and pediatrics, three. It also appears, from the statement of its counsel entered of record, that the Gordon Memorial Hospital has not been approved by the American College of Surgeons.

By letter dated April 30, 1949, addressed to Dr. Gordon, the board notified the Gordon Memorial Hospital of certain defects in the school of nursing and informed him that if they were not corrected within one year the school would be removed from the list of accredited schools recognized by the board. On November 29, 1949, the board sent another letter to Dr. Gordon which reaffirmed its position as stated in its letter of April 30, 1949. On February 13, 1950, the board wrote a third letter to Dr. Gordon in which it reiterated its attitude and requested an appointment for a visit to the hospital by the board. Some members of the board visited the hospital on March 4, 1950, but no satisfactory solution of the problems involved was reached. No person in behalf of the hospital or the school replied to any of the foregoing letters. On April 19, 1950, the board communicated with the hospital by letter with respect to the alleged existing defects, which letter contained these statements:

"On April 30, 1949, November 29, 1949, and again on February 13, 1950, the Board of Examiners for Registered Nurses notified you that the school of nursing now operated by you would be removed from the accredited list in this State unless the deficiencies named were corrected to meet the minimum standards of this Board for accredited schools. The deficiencies named are as follows, and we quote from our letter of April 30, 1949:

'1. The daily patient average of The Gordon Memorial Hospital is consistently less than 50.

'2. The Gordon Memorial Hospital is not approved by the American College of Surgeons.

'3. Adequate experience in the nursing care of obstetric and pediatric patients is not provided.'

"On March 4, 1950, certain members of this Board visited you to determine whether or not. these minimum standards were being met. With respect to the first deficiency it was apparent that steps were being taken to increase the bed capacity of the hospital but it appeared very doubtful if your plans could possibly meet the requirements of a minimum daily average of 50 patients. It is our understanding that your Hospital is not approved by the American College of Surgeons and, therefore, does not meet the second requirement. You refuse to entertain any idea of securing affiliations for your students with approved schools of nursing, in order to supplement the experience available in your institution.

"You are accordingly hereby notified that by reason of your failure to meet the minimum requirements of the Board for accredited schools of nursing, that effective as of January 1, 1951, the Gordon Memorial Hospital will be removed from the list of accredited schools of nursing, which removal shall be effective until the minimum standards are met. You are further notified that the Board of Examiners for Registered Nurses will afford you an opportunity for a hearing respecting this decision upon request, and, of course, upon a proper showing that the Gordon Memorial Hospital, Inc., is prepared to meet the minimum standards of the Board of Examiners, your school will be retained on the accredited list or restored, as the case may be. Please advise if and when you desire a hearing before the Board."

No request for the hearing suggested by the board in the foregoing letter was made by the petitioner, and on December 27, 1950, it instituted this proceeding in this Court.

In support of its claim that it is entitled to a writ in this proceeding to prohibit the board from removing from its accredited list the school of nursing operated by it, the petitioner assigns and relies upon numerous grounds which may be summarized in this manner: (1) Chapter

96, Acts of the Legislature of 1945, is unconstitutional because (a) the title is insufficient, (b) it attempts to delegate uncontrolled legislative power to the board and fixes no standards by which its action may be regulated or controlled, (c) it makes no provision for a hearing or judicial review of the action of the board, (d) it attempts to usurp and exercise the appointive power of the Governor, (e) it is violative of Section 10, Article 1, of the Constitution of the United States and of Section 4, Article III, of the Constitution of West Virginia, and (f) it is violative of the fourteenth Amendment of the Constitution of the United States and of Section 10, Article III, of the Constitution of West Virginia; (2) the petitioner has complied with the requirements of Section 5, Article 7, Chapter 60, Acts of 1937, with regard to an accredited school of nursing, and that statute has not been repealed or superseded by Chapter 96, Acts of 1945; (3) the rules and the regulations of the board are invalid because not lawfully promulgated and adopted; (4) if lawfully promulgated and adopted, such rules and regulations are void because of their arbitrary and capricious character; and (5) in undertaking to remove from its accredited list the school of the petitioner, the board has failed to comply with the procedural requirements of Section 8, Article 1, Chapter 30, of the Code of 1931.

The defendants controvert each of the foregoing contentions of the petitioner and, in support of their demurrer to the petition and their motion to dismiss this proceeding, separately assign in substance these grounds: (1) the right or the privilege to conduct an accredited school of nursing is not assignable, under the provisions of Section 7, Article 1, Chapter 30, Code, 1931, and, for that reason, was not transferred to the petitioner by the conveyance by Dr. Gordon to it of the hospital and the school of nursing; (2) the board is an administrative tribunal which does not possess judicial or quasi judicial powers and, for that reason, the writ of prohibition does not lie to control its action; and (3) the petitioner has not exhausted the administrative remedy provided by Sec-

tion 8, Article 1, Chapter 30, Code, 1931, with respect to the suspension or the revocation of any certificate, license, registration, or authority issued by the board, and, for that reason, the petitioner can not maintain this proceeding. The first ground is assigned in support of the demurrer, and the second and third grounds are assigned in support of the motion to dismiss.

As the grounds separately assigned in support of the demurrer and the motion to dismiss challenge the right of the petitioner to maintain this proceeding they must be considered and determined in advance of consideration or determination of the contentions of the petitioner with respect to the constitutionality of the statute, the validity of the rules and the regulations of the board, and the authority of the board to remove the school of nursing of the petitioner from the accredited list of the board. Furthermore, if the petitioner for any of the foregoing reasons is not entitled to maintain this proceeding, the questions presented by its enumerated grounds in support of its right to the writ in this proceeding need not be considered or resolved.

In resolving the question presented by the demurrer, whether the petitioner by virtue of the transfer to it by Dr. Gordon has any right to have the school of nursing now owned by it kept upon the accredited list of the board, or, in this proceeding, to prevent the board from removing it from such list, it is necessary to determine the nature of the right, the privilege, or the authority granted by the board to the owner or the operator of any school of nursing which it recognizes as an accredited school and places on its list of such schools. The statute merely provides that the board "shall accredit such schools and courses as meet the requirements of this article and of the board.", Section 6, Article 7, Chapter 96, Acts of the Legislature, 1945, Regular Session; and the earlier statutes define and enumerate the requirements of an accredited school of nursing. It is not necessary to its operation in connection with a hospital that a school of nursing be an

accredited school and the principal disadvantage to a school so operated when not accredited is the loss or the impairment to it and its students of the training benefits and the professional standing which accrue to and are enjoyed by accredited schools.

The approval which the statute authorizes the board to give to a school which complies with the requirements of the statute and of the board is a particular personal right or privilege or authority. Though technically not a license, in the sense in which that term is used in the statute with reference to nurses, it closely resembles, partakes of the nature of, and has many characteristics in common with, a license. A mere license is generally regarded as a special privilege of personal trust and confidence which can not be assigned or transferred without the consent of the licensing authority. 53 C. J. S., Licenses, Sections 45 and 86; 33 Am. Jur., Licenses, Section 6; *Hanley* v. *Cook,* 245 Mass. 563, 139 N. E. 654; *Weiss* v. *Mayor and City of Woburn,* 263 Mass. 30, 160 N. E. 444; *Simon* v. *Meyer,* 261 Mass. 178, 158 N. E. 537; *State* v. *Bayne,* 100 Wis. 35, 75 N. W. 403; *Commonwealth* v. *Bryan,* 9 Dana (Ky.) 310; *Shannon* v. *Esbeco Distilling Corporation,* 275 Ky. 51, 120 S. W. 2d 745; *Alger* v. *Weston,* 14 Johns. (N. Y.) 231; *Godfrey* v. *The State,* 5 Blackf. (Ind.) 151; *State* v. *Lydick,* 11 Neb. 366, 9 N. W. 560. After a transfer without the consent of the licensing authority such license is inoperative. 53 C. J. S., Licenses, Sections 45 and 86. See *United States Coal and Oil Company* v. *Harrison,* 71 W. Va. 217, 76 S. E. 346, 47 L. R. A. (N.S.) 870; *Eastman* v. *Piper,* 68 Cal. App. 554, 229 P. 1002; *Hoagland* v. *Hall,* 38 N. J. Law. 350; *Dark* v. *Johnston,* 55 Pa. St. 164; *Bates* v. *Duncan,* 64 Ark. 339, 42 S. W. 410, 62 Am. St. Rep. 190. In *Dark* v. *Johnston,* 55 Pa. St. 164, the opinion uses this language: "A man may well accord a privilege upon his lands to one person, which he would refuse to all others. Hence it is held that a personal license is not assignable, and that an assignment by a licensee determines his right. Though a licensor may be estopped from recalling the privilege granted, the licensee may destroy it. He

may abandon or release. He cannot substitute another to his right. The cases are numerous in which it has been held that his assignment puts an end to the license: *The King* v. *Hewton,* Bridg. 115; *Hull* v. *Babcock,* 4 Johns. 418; *Prince* v. *Case,* 10 Conn. 375; *Emmerson* v. *Fisk,* 6 Greenl. 200." In *Bates* v. *Duncan,* 64 Ark. 339, 42 S. W. 410, 62 Am. St. Rep. 190, the court held that "One who is granted a mere personal privilege to use a room terminates it by an attempted sale thereof." A license in real property is a personal right and, as such, is incapable of assignment or transfer by the person to whom it is granted, in the absence of a provision authorizing assignment or transfer in the instrument which creates the license. 33 Am. Jur., Licenses, Section 98. A license in real property merely gives some person the right to do an act or series of acts on the land of another; it is a nonassignable personal right and is revoked by an attempt to assign it. *Kelly* v. *Rainelle Coal Company,* 135 W. Va. 594, 64 S. E. 2d 606; *United States Coal and Oil Company* v. *Harrison,* 71 W. Va. 217, 76 S. E. 346, 47 L. R. A. (N.S.) 870. Article 1, Chapter 30, Code, 1931, which deals generally with state boards of examination or registration applies to the West Virginia State Board of Examiners for Registered Nurses, and Section 7, Article 1, expressly declares that no license or certificate of registration granted or issued under the provisions of that chapter shall be assignable. Though it does not expressly so state, the plain implication of the statute is that any right, privilege, or authority granted or issued by any board subject to its provisions shall not be assignable.

From the foregoing, it is clear that the right, the privilege, or the authority granted by the defendant board to Dr. Gordon to operate the school of nursing owned and conducted by him in connection with his hospital as an accredited school, could not have been, and was not, assigned to the petitioner by the transfer of the hospital and the school to it in 1950. Any assignment, by the conveyance to the petitioner, of the right, the privilege, or the authority granted to Dr. Gordon to operate or treat the

school as an accredited school was of no effect and vested no such right, privilege, or authority in the petitioner, but terminated such right, privilege, or authority and rendered it inoperative. In consequence, the petitioner has no existing right to prevent the board from removing the school now owned by it from the list of schools of nursing accredited by the board and is not entitled in this proceeding to the relief which it seeks to obtain.

In passing upon the motion of the defendant to dismiss this proceeding it should be stated that only the specific points upon which a motion to dismiss is based will be considered by this Court in any proceeding of which it has either original or appellate jurisdiction. Paragraph 2, Section 1, Rule IX of the Rules of Practice of this Court provides that every motion to dismiss, involving the merits, shall state the points upon which it is based and that notice stating the grounds of the motion shall be served upon the opposing party or his counsel and returned to the clerk's office at least thirty days before the return day of the notice. By virtue of the provisions of the foregoing rule and in order to harmonize the practice in original proceedings, in this Court, with the recognized practice and procedure in trial courts, in resolving the motion to dismiss, only the points or the grounds assigned in support of the motion will be dealt with or discussed, and no other ground, not jurisdictional in character, whether separately presented by demurrer, or otherwise, will be considered in connection with or as pertaining to the motion.

The first ground stated in support of the motion to dismiss, that prohibition will not lie against the defendant, the West Virginia State Board of Examiners for Registered Nurses, because its action in removing the school of nursing of the petitioner from its list of accredited schools, as of January 1, 1951, is administrative and not judicial or quasi judicial in its nature, is not well founded. In *West Virginia State Medical Association* v. *The Public Health Council of West Virginia*, 125 W. Va. 152, 23 S. E. 2d 609,

this Court held that the action of the council in undertaking to reinstate a person whose license had been finally revoked, was quasi judicial, and that prohibition was the proper remedy to prevent the council from exceeding its lawful powers relating to the reinstatement of his license to practice medicine and surgery in this State. In so holding this Court said that though the council is not a judicial tribunal and though it possesses and exercises administrative functions its powers and jurisdiction with reference to the suspension and the revocation of the license of physicians and surgeons are quasi judicial in their nature. Both the public health council and the defendant, the West Virginia State Board of Examiners for Registered Nurses, are subject to the general provisions of Article 1, Chapter 30, Code, 1931, and the provisions of Sections 8 and 9 of that article of the statute apply to each of them with respect to proceedings had by either for the suspension or the revocation of a certificate, license, registration, or authority issued by it. It is clear that under the holding of this Court in the case just cited, the action of the board in undertaking to remove from its list of accredited schools the school of nursing owned by the petitioner was quasi judicial in character, which may be controlled in a proper proceeding in prohibition by a person entitled to maintain it, if the board, in so acting, usurps or abuses its power, is without jurisdiction to take such action, or having jurisdiction, exceeds its legitimate powers. Because the board may be subject to prohibition in a proceeding instituted by a person who has the right to maintain it, the general statement of the first ground assigned by the defendants in support of their motion to dismiss, which is based upon the assumption that its powers and functions are purely administrative in character, is unsound and can not be sustained.

The contention of the defendants that the petitioner can not maintain this proceeding because it has not exhausted the administrative remedy provided by Section 8, Article 1, Chapter 30, Code, 1931, which constitutes the second ground in support of their motion to dismiss, is

also devoid of merit. Section 8, Article 1, Chapter 30, Code, 1931, relates to and governs proceedings by any board subject to its provisions for the suspension or the revocation of any certificate, license, registration, or authority issued by it, except the license of an attorney, and provides a hearing for the holder of any such certificate, license, registration, or authority. With respect to such hearing the section requires a statement of the charges against the holder of such certificate, license, registration, or authority and a notice of the time and the place of the hearing to be served upon the person proceeded against as other notices are served under Section 1, Article 2, Chapter 56, Code, 1931, at least thirty days prior to the hearing, and declares that such person may appear with witnesses and be heard. Section 9 of the same article and chapter provides a review by the circuit court of the decision of the board and an appeal to this Court from the judgment of the circuit court. Though the petitioner by the letter of April 19, 1950, was informed of the defects which existed in its school of nursing, as charged by the board, notified of the action of the board, and apprised that the board would afford it an opportunity to be heard if the petitioner requested a hearing, the procedural requirements of Section 8 were not complied with by the board. The required notice was not given or served, and the petitioner was in no wise bound to appear before the board. As no sufficient notice was given to the petitioner, the board was without jurisdiction to render any binding decision against the petitioner; its action was of no force or effect with respect to any right of the petitioner; and if any right which it possessed had been adversely affected by its action, under the holding of this Court in *West Virginia State Medical Association* v. *The Public Health Council of West Virginia,* 125 W. Va. 152, 23 S. E. 2d 609, prohibition would lie to prevent it from carrying its order or decision into effect. The reason prohibition may not be maintained by the petitioner is not because the petitioner has not exhausted the administrative remedy provided by Section 8 of the statute, which as already

pointed out, it was not required to do, but because, as the assignee of Dr. Gordon of his personal right, privilege, or authority to operate an accredited school of nursing the petitioner acquired no such right, privilege, or authority and, in consequence, has no existing right to require the board to keep the school which it purchased from Dr. Gordon on its list of accredited schools or to prevent the board from removing it from such list. Prohibition can not be used to usurp or perform the functions of or as a substitute for an appeal, a writ of error, or a writ of certiorari, *State ex. rel. Rufus* v. *Easley,* 129 W. Va. 410, 40 S. E. 2d 827; *Lake O'Woods Club* v. *Wilhelm,* 126 W. Va. 447, 28 S. E. 2d 915; *Brown* v. *Arnold,* 125 W. Va. 824, 26 S. E. 2d 238; *Wolfe* v. *Shaw,* 113 W. Va. 735, 169 S. E. 325; *Kennedy* v. *Holt,* 67 W. Va. 118, 67 S. E. 379; *King* v. *Doolittle,* 51 W. Va. 91, 41 S. E. 145; *Johnston* v. *Hunter,* 50 W. Va. 52, 40 S. E. 448; *County Court of Wood County* v. *Boreman,* 34 W. Va. 362, 12 S. E. 490; *McConiha* v. *Guthrie,* 21 W. Va. 134; but that principle has no application where, as here, the petitioner without notice was not required to appear or participate in any hearing which the board was willing to give it but which in fact was never legally held or conducted, or to seek the review provided by Section 9 to the circuit court of a decision of the board after a proper hearing, when no such hearing has been fixed or held by the board. As no notice was given and no valid hearing was had the petitioner was not required to invoke or exhaust the remedy provided by Section 8, and for that reason the second ground assigned by the defendants in support of their motion to dismiss is not sufficient. Neither of the stated grounds on which the motion is based being well founded, the formal motion to dismiss is overruled.

Denial of the motion to dismiss, however, does not mean that this proceeding should not be dismissed. The allegations of the petition, the sufficiency of which is challenged by the demurrer of the defendants, show clearly that the petitioner bases its right to the writ it seeks in this proceeding upon the transfer to it by Dr. Gordon

of his personal right, privilege, or authority, to operate the school of nursing, formerly owned by him but now owned by the petitioner, as an accredited school. As already pointed out that right, privilege, or authority was not assignable and the attempt to assign it rendered it inoperative. In consequence the petitioner did not acquire and does not possess any right to require the board to retain its school upon the accredited list of the board or to prevent it from removing the school of the petitioner from such list. Though the board could not suspend or revoke the right, the privilege, or the authority which it had issued to Dr. Gordon, without complying with the procedural requirements of Section 8, Article 1, Chapter 30, Code, 1931, the attempted assignment by Dr. Gordon removed the school from the list without regard to and independently of any action of the board and without any right to the petitioner to require the board to keep the school of the petitioner upon the recognized list of accredited schools. The petitioner, having no existing right of that character, can not maintain this proceeding and for that reason the demurrer to the petition must be sustained.

Though prohibition lies as a matter of right in all cases of usurpation and abuse of power, when an inferior court or tribual possessing and exercising judicial or quasi judicial powers, does not have jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds its legitimate powers, Code, 1931, 53-1-1; *State ex rel. Peery* v. *Davis,* 135 W. Va. 824, 65 S. E. 2d 291; *State ex rel. Rufus* v. *Easley,* 129 W. Va. 410, 40 S. E. 2d 827; *State ex rel. Cosner* v. *See,* 129 W. Va. 722, 42 S. E. 2d 31; *Morris* v. *Calhoun,* 119 W. Va. 603, 195 S. E. 341; *State ex rel. Noce* v. *Blankenship,* 93 W. Va. 273, 116 S. E. 524; *Weil* v. *Black,* 76 W. Va. 685, 86 S. E. 666; *Sperry* v. *Sanders,* 50 W. Va. 70, 40 S. E. 327; *Johnston* v. *Hunter,* 50 W. Va. 52, 40 S. E. 448; *Norfolk and Western Railway Company* v. *Pinnacle Coal Company,* 44 W. Va. 574, 30 S. E. 196, 41 L. R. A. 414, the writ will issue only in clear cases. *Brown* v. *Arnold,* 125 W. Va. 824, 26 S. E. 2d 238;

*State ex rel. Vineyard* v. *O'Brien,* 100 W. Va. 163, 130 S. E. 111; *Johnston* v. *Hunter,* 50 W. Va. 52, 40 S. E. 448; *County Court of Wood County* v. *Boreman,* 34 W. Va. 362, 12 S. E. 490; *Fleming* v. *Guthrie,* 32 W. Va. 1, 9 S. E. 23, 3 L. R. A. 53; 25 Am. St. Rep. 792, *McConiha* v. *Guthrie,* 21 W. Va. 134. Prohibition is an extraordinary remedy for use only in cases of necessity, *Morris* v. *Calhoun,* 119 W. Va. 603, 195 S.E. 341; and it should be invoked only when the relief sought is not available through ordinary channels of practice. *Dankmer* v. *City Ice and Fuel Company,* 121 W. Va. 752, 6 S. E. 2d 771. It may be resorted to, however, by any person whose rights may be injuriously affected by the action which such person seeks to prevent. *Hastings* v. *Finney,* 119 W. Va. 301, 193 S. E. 444. As a general rule any person who will be affected or injured by the proceeding which he seeks to prohibit is entitled to apply for a writ of prohibition, but a person who has no interest in such proceeding and whose rights will not be affected or injured by it can not do so. 50 C. J., page 693. In *Midland Investment Corporation* v. *Ballard,* 101 W. Va. 591, 133 S. E. 316, the test of the right of a person to maintain a proceeding in prohibition is stated in these words: "In the absence of statutory provision, from the decisions, the true rule may be evolved, that the action may be maintained by any person injuriously affected by the action which he seeks to prevent, but not by a person having no interest therein."

Ordinarily when a demurrer to a pleading in a suit in equity or an action at law is sustained, leave to amend the defective pleading will be granted. When, however, a demurrer is sustained to a pleading on which a suit in equity or an action at law is based, and the defect in such pleading can not be cured by amendment, the case should be dismissed. See *Stealey* v. *Lyons,* 128 W. Va. 686, 37 S. E. 2d 569; *Chambers* v. *Pierce,* 94 W. Va. 766, 120 S. E. 912; *Buford* v. *Chichester,* 69 W. Va. 213, 71 S. E. 120. As it is obvious that by amendment of the petition no existing right in the petitioner to maintain this proceeding can be

shown, the rule of the cases just cited applies, calls for denial of the writ, and requires dismissal of this case.

The writ prayed for in the petition is denied.

*Demurrer sustained; writ denied; proceeding dismissed.*